Statement of the case.

WILLIAM BALL ET AL. *v.* EDWARD SLEDGE.

1. REPLEVIN. *Jurisdiction.　Value of property.　Code* 1892, § 3707.

The affidavit, required by Code 1892, § 3707 as the basis of an action of replevin, determines the jurisdiction of the court so far as it concerns the value of the property sued for, unless the plaintiff knowingly undervalued or overvalued it for jurisdictional purposes.

2. SAME. *Code* 1892, § 629.

Code 1892, § 649, providing a penalty for suing for more than is due for jurisdictional purposes, applies to justices' courts.　Code 1892, § 629.

3. LANDLORD AND TENANT. *Agricultural products.　Lien.　Purchaser. Notice.*

A landlord has a lien to secure his rent and supplies for the current year on all the agricultural products raised on the leased premises, and he may assert the same against the products or the purchaser, with or without notice, of such products.

4. SAME. *Products out of State.*

The lien of the landlord does not follow agricultural products when carried out of this state, and the purchaser who acquires them out of this state is not liable to the landlord, although he had notice of the lien while they were in this state.

5. DEBTOR AND CREDITOR. *Payment in property subject to lien.　Receipt. Enforcement of lien.　Renewal of debt.*

A creditor who receives in this state in payment of his debt cotton upon which a third person has a landlord's lien may enforce repayment from the debtor, if the property or its proceeds be taken from him by the enforcement of the lien, although he had executed a receipt in full upon receiving the cotton.　He cannot do so, however, if he received the cotton out of the state.

FROM the circuit court of Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

Ball and others, appellants, doing business under the name of Ball, Brown & Co., were plaintiffs in the court below; Sledge, appellee, was defendant there.

Sledge, appellee, rented lands in this state from one Williamson for the year 1900.  He afterwards gave a deed of trust to Ball and others, appellants, on his crop, some live stock and his farming implements, to secure advances made by them to him for that year.  Ball and others, appellants, were merchants doing business in Memphis, Tenn.  Appellants had actual notice of the rental contract between Williamson and Sledge, and paid Williamson $150 of the rent for the year.  Sledge did not pay appellants, and early in the year 1901 they sent their agent to see Sledge, and gave him the amount he owned them, which was $295 on account, and the $150 they had paid on the rent for 1900.  The agent went to see Sledge, and urged the payment of the debt; and Sledge agreed that two bales of cotton raised on the land rented from Williamson and two mules might be sold by this agent, and the proceeds applied to the payment of said debt.  The agent sold the property, and applied the proceeds to the payment of the open account, for the time forgetting the amount that had been paid on the rent, and paid a small balance in money to Sledge, and gave him a receipt in full of the amount due to appellants.  This mistake was afterwards discovered, and not getting satisfaction from Sledge, appellants brought this action of replevin under their deed of trust to recover from Sledge three horses and the farming implements covered by the deed of trust.  The affidavit fixed the aggregate value of the property at $145, and the return of the officer on the writ fixed it at $132.  The suit was brought in a justice of the peace court, and from a judgment for defendant plaintiffs appealed to the circuit court.  There was considerable testimony taken as to the value of the property seized, some witnesses fixing it at more, and some less, than $200.

The first and second instructions given for defendant in the circuit court are as follows:

"(1)  If the jury believe from the evidence that the value of

the property replevied in this suit exceeded the sum of $200 at the time suit was instituted, they must find for defendant."

"(2) The court instructs the jury that the rent note paid by plaintiffs is not covered by the deed of trust, and if they find from the evidence that the defendant, Sledge, paid in full all indebtedness due plaintiffs, except said rent note, they must find for defendant."

The second and third instructions refused for plaintiffs are as follows:

"(2) The court instructs the jury that if they believe from the evidence that in January, 1901, the plaintiffs, through their agent, Green, received from Sledge, in this county, two bales of cotton which were subject to an unsatisfied landlord's lien held by Williamson, and that the plaintiffs, in this county, appropriated the said two bales of cotton, and the proceeds thereof, selling the same, and placing the proceeds to the credit of the defendant in account, then they were liable to the owner of the rent note offered in evidence for the value of the said cotton; and, if the plaintiffs were so liable, then the defendant became liable for such value, and such liability is protected by the mortgage offered in evidence, and the jury will find for the plaintiffs, unless they believe that such liability, if any, has been discharged by the defendant.

"(3) If the jury believe from the evidence that defendant shipped to plaintiffs, in Memphis, Tenn., cotton raised on land rented in 1900 by the said defenadnt from Williamson, and that such shipment was made because of the demand of plaintiffs, or by reason of defendant's contract and agreement with plaintiffs, and that such cotton so shipped was subject to landlord's lien held by Williamson, and that plaintiffs had actual knowledge then of said lien, and that such landlord's lien has been satisfied and discharged by plaintiffs, because of their liability for same, then the jury will find for plaintiffs, unless they further believe from the evidence that the said defendant

has fully paid and satisfied the amount so paid by the plaintiffs in discharging the landlord's lien."

From a verdict and judgment for defendant, plaintiffs appealed to the supreme court.

*Moore & Clark,* for appellants.

The court below erred in refusing to give the second and third instructions asked by plaintiffs. It is shown and admitted by appellee that appellants had received from appellee cotton liable to Williamson's rent lien, having actual notice of said lien; and also, on January 23, 1901, received and appropriated, in Bolivar county, Mississippi, and on the leased premises, two bales of cotton, subject to said unsatisfied lien. Because of such receipt and appropriation appellants were compelled to pay Williamson, from the proceeds of said cotton, one hundred and fifty dollars on his rent claim, and such payment *pro tanto* reduced the credits to which appellee was entitled. Appellee, after deducting the rent payment, $150, from credit in account, was justly indebted to appellants, as balance due on his note, in the sum of $445.80 instead of $295.80 — the amount actually paid.

It is abundantly shown, and virtually admitted by appellee, that Green, the agent of appellants, overlooked the $150 rent item and made mistake in giving receipt in full, when he had positive instructions to collect both the balance due on account of money, etc., furnished appellee, and also the $150 rental paid Williamson, and when he thought, at the time of the execution of said receipt, that he had collected all that appellee owed his principal, both on account, notes or for rental paid.

If it be possible that we are wrong in the foregoing, then it cannot be denied that the court committed a fatal error in giving the second instruction asked by appellee. This second instruction given at the request of appellee amounted virtually to a peremptory instruction to find for appellee, notwithstand-

ing the fact that the item of indebtedness therein referred to was expressly, frankly, and freely admitted by appellee, and was expressly secured by the terms of the trust deed and under which replevin was sued out.

By the terms of that instruction, the jury was told, virtually, that the value of the property levied upon need not be considered — that the item of indebtedness claimed was not secured by the trust deed, and that verdict must be returned for the defendant.　Certainly a strange and unwarranted construction of the written contract, a fatal error which this court will hasten to correct.

Upon the question as to the jurisdiction of the court, we deem it necessary only to call attention to the principle announced by this court in the case of *Stephen* v. *Eiseman*, 54 Miss., 535.　"The test of jurisdiction is the value of the property as stated in the affidavit and demanded in the pleadings, subject to be defeated if an attempt to evade the constitutional limitation be shown.　When the affidavit and declaration avers that the value is $165, but a verdict in favor of the plaintiff fixes it at only $150, and there is no evidence of a purpose to evade the jurisdiction, the judgment is good.

This was the established doctrine under the old constitution, which gave jurisdiction in the magistrate's courts to $150, but the same principle applies in settling the question of jurisdiction under the present constitution which has extended the jurisdiction of magistrates to $200.

The record here does not disclose any purpose whatever to evade the jurisdiction of the magistrate's court, but on the contrary, it affirmatively shows a *bona fide* reason on the part of the plaintiffs through the evidence of its witnesses that the value of the property in controversy was within the magistrate's jurisdiction.

*Sillers & Owen,* for appellee.

Verdict of jury and judgment of court is correct and proper.

The proof shows that the case was brought in magistrate's court. The value of the property is shown to have exceeded $200, and is above the jurisdiction of the court in which the suit was brought.

Instructions Nos. 2 and 3 asked by the plaintiff were properly refused by the court. The evidence shows that the balance of the rent due, if any was due, was not paid by appellants until after a settlement in full of the mortgage debt due by Sledge to appellants and the account could not at that date be opened and the debt made a charge on the live stock covered by the mortgage, even if the same would have otherwise been a valid charge on the mortgage account, which it was not.

The assignee of the rent note would have a lien on the crops on the land, but the rent would not, unless paid at the instance of Sledge, become a part of the mortgage debt, and a lien on the live stock. The mortgage debt being paid in full, as shown by the receipt, the deed of trust was satisfied and a lien on the live stock and right of possession in trustee or mortgagee was gone.

TRULY, J., delivered the opinion of the court.

The first instruction given for appellee told the jury that, if they believed from the evidence that the value of the property involved exceeded $200 at the date of the institution of the suit, they should find for the defendant. This was fatal error. Section 3707, Code 1892, stating how the action of replevin shall be commenced, wrought a radical change in section 2613, the corresponding section of the Code of 1880. This amendment and enlargement was intended to provide an easy plan by which the rights of parties litigant might be speedily and finally determined. The rigidity of the technical rules in matters of procedure was relaxed, and a simple method devised for the commencement of the action. Under section 3707, the plaintiff files an affidavit in statutory form, stating therein the residence

of the defendant, the location of the property, and his valuation thereof, whereupon the officer taking the affidavit makes the writ returnable to the proper court, whether of his own or another county. The venue is fixed by the residence of the defendant or location of property, and the jurisdiction by the value of the property, as these are set out in the affidavit; and the jurisdiction of the court, thus fixed, can only be defeated by proving a different venue, or by showing that a false valuation of the property was made on "purpose to confer jurisdiction." On this point, section 649, Code 1892, applies to justice of the peace as well as circuit courts. It is true, as decided in *Biddle* v. *Paine,* 74 Miss., 494, 21 South., 250, that the value of the property is the test of jurisdiction in actions of replevin; but, as value is only a question of estimation, varying as the individual judgments of men may differ, the valuation fixed by the pleadings is primarily accepted as true. It is also true that the jurisdiction of the court thus acquired may be defeated, and the plaintiff nonsuited in consequence; but, in order to do this, conflicting testimony as to the value of the property involved is not sufficient. The proof must go further, and show that the valuation was knowingly and purposely falsely magnified or diminished in order to avoid the constitutional limitations of jurisdiction. Any other rule, as pointed out in *Fenn* v. *Harrington,* 54 Miss., 733, would work hardship to the litigant who honestly over or under estimates the value of the property involved, or whose valuation differed from that of other witnesses, or from the conclusion arrived at by the justice of the peace or the jury. The jurisdiction of the courts was not intended to be left as a matter of conjecture, to be acquired, and liable to be defeated, by honest differences upon a mere matter of opinion. This rule was not correctly stated by the first instruction for the appellee. The jurisdiction of the court was not dependent upon what conclusions as to value the jury might arrive at from the proof on the trial in the circuit court, and the

question of value was not for the consideration of the jury in this connection. If it should become manifest durnig the progress of a trial that a court, for any cause, was without jurisdiction, the presiding judge should so decide, and dismiss the case. The question was, not what the jury believed the property to be worth, but, did the appellants knowingly underestimate the value for the purpose of vesting the justice of the peace with jurisdiction? In this view, there was no testimony which warranted the giving of this instruction.

The second instruction given for appellee was also erroneous. It is well settled that the landlord has a prime lien on all the agricultural products raised on the leased premises, to secure his rent and supplies for the current year; and this lien may be successfully asserted, not only on the products themselves, but against the purchaser thereof, in this state, whether with or without notice of the existence of the lien. In the instant case it is admitted that appellants had actual notice of the relation of landlord and tenant which existed between appellee, as tenant, and Williamson, as landlord. Consequently the landlord could have legally asserted his lien for rent in arrears against appellants for the value of all cotton produced on the leased premises, received by them in this state from the tenant. The sole question for consideration, therefore, was what amount, if any, was legally due by appellee to his landlord, Williamson, on his rent note. Whatever this amount, appellants were liable therefor, to the extent of the value of the cotton received by them in this state; and, having paid it, they could rightfully subtract it from the net proceeds of the cotton which they had credited on Sledge's indebtedness to them, and proceed to collect the balance then due them as provided by the terms of the deed of trust which they hold. The fact that the agent of appellants had, through mistake, given appellee a full receipt, and had canceled and surrendered the trust deed, did not alter the legal status of affairs. One who receives cotton

from a debtor, and applies the proceeds thereof to the satisfaction of an existing indebtedness, and gives receipts therefor, if afterwards forced to pay such proceeds to one holding a paramount lien on the cotton, is not deprived of his right to demand and enforce repayment from his debtor. The property in controversy is subject to the trust deed of appellants for whatever amount was legally due Williamson by Sledge as rent, and which was paid by appellants out of the cotton liable therefor.

The second instruction refused for appellants correctly stated the law herein announced, and it should have been given.

The third instruction asked by appellants was correctly refused. It was decided in *Millsaps* v. *Tate,* 75 Miss., 150, 21 South., 663, upon a case strikingly similar to the one here presented, that the lien granted landlords by our law did not attach to cotton shipped out of the state, and the purchaser was not liable, even where he had actual notice of the existence of the lien. The fact that appellants paid the landlord a portion of the proceeds of cotton received beyond the confines of the state does not alter the controlling legal principle. The record does not show that the payment was made by the direction of the tenant, and appellants in this case are not asserting any rights as assignees of the landlord.

Upon the record here presented, the measure of appellants' rights is the amount of rent, if any, due Williamson by Sledge, and paid by appellants, to the value of the cotton received by them in this state.

*Reversed and remanded.*