Mrs. Ruby Thompson *v*. E. F. Poe.

[61 South. 656]

1. Justice of the Peace. *Jurisdiction.* *Value of property.* *Affidavit.* *Replevin.* *Seals.* *Scrolls.* *Conflicting evidence.* *Judgment.* *Conclusiveness.* *Trial.* *Argument.* *Opening and closing.* *Party entitled.*

The test of the jurisdiction of a justice of the peace in an action of replevin is the value of the property as shown by the affidavit, and is not the value of the property as found by the jury.

2. Seals. *Scrolls.* *Sufficiency.*

A scroll made in the nature of a seal is sufficient. It makes no difference whether any word is written or printed in connection with the scroll to indicate whose scroll it is.

3. Appeal and Error. *Finding of jury.* *Conclusiveness.* *Conflicting evidence.*

Where a question is properly submitted to a jury on conflicting evidence their verdict is conclusive.

4. Trial. *Argument.* *Opening and conclusion.*

If the record contains several issues, and the plaintiff holds the affirmative in either or would be obliged to produce any proof

to establish his claim or demand, he is entitled to open and conclude the argument.

5. APPEAL AND ERROR.    *Justice of the peace.    Jurisdiction.    Judgment.    Remittitur.*

Where, on an appeal in an action of replevin from a justice of the peace court, the jury in the circuit court value the property at a sum above the justice of the peace's jurisdiction, the supreme court on appeal will allow the plaintiff to enter a remittitur so as to reduce the judgment to the value of the property as shown in the affidavit in the justice of the peace court and affirm the judgment thus reduced.

APPEAL from the circuit court of Monroe county.

HON. J. H. MITCHELL, Judge.

Suit by E. F. Poe against Mrs. Ruby Thompson. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wiley H. Clifton,* for appellant.

The valuation of the property fixed by the affidavit controls the jurisdictional amount, unless it be shown that the plaintiff knowingly and designedly undervalued the property. Neither the testimony of witnesses nor the finding of the jury that the property had been undervalued in the affidavit is conclusive of this jurisdictional fact, but the testimony must go further and show that the undervaluation was falsely made for the purpose of giving the court jurisdiction. *Fenn* v. *Harrington,* 54 Miss. 733; *Ball* v. *Sledge,* 82 Miss. 749, 35 So. 447; *Broomfield* v. *Horner,* 90 Miss. 502, 43 So. 951; *Stephen* v. *Eisman,* 54 Miss. 535.

Argument on Property:

But we insist that where there is a verdict of the jury, supported as here by a great preponderance of the testimony, fixing the valuation of the property at almost twice that fixed in the affidavit and on motion for new trial no explanation is given the court why there was such a large undervaluation; then the falsity of the af-

fidavit and the purpose to evade the jurisdiction of the court is shown. The intent to avoid the jurisdiction of the circuit court by an undervaluation of the property is to be drawn from all the facts and circumstances in the case.

Powers conferred by deed are to be strictly construed and especially must the execution of the power be in manner and form as prescribed, by the deed. The power vested by this deed in the beneficiary to appoint a substitute trustee was required to be under the "hand and seal" of Dukemanier Bros. The language of the appointment is "witness my signature, T. J. Dukemanier."

Though a scroll is attached, it is not made or referred to as the seal of T. J. Dukeminier; and therefore it is not under the seal of T. J. Dukemanier even. The appointment of this substituted trustee was made by T. J. Dukemanier alone; while the deed required that Dukemanier Bros. should execute the power. Perry on Trusts, No. 511 B., No. 288; *Sharpley* v. *Plant,* 79 Miss. 175, 28 So. 802; *Watson* v. *Perkins,* 88 Miss. 64, 40 So. 646.

This appointment being void E. F. Poe has neither title nor right of possession to the property; and even if the deed of trust had not been paid, cannot recover in this case. R. C. 1906, No. 4214; *Buck* v. *Paine,* 52 Miss. 271.

The burden of proof being on the appellant gave him the right to open and close the case before the jury. This right was denied and for this error the case will be reversed. *Porter* v. *Still,* 63 Miss. 357; *Stewart* v. *Graham,* 93 Miss 257.

*Paine & Paine,* for appellee.

The law of this state is that the value of the property at the time of the suing out of the writ determines the jurisdiction. And before such a valuation can be impeached successfully the impeaching testimony must show that this value was falsely made for jurisdictional purposes. See *Johnson* v. *Tabor,* 57 So. (Miss.) 366.

We submit, therefore, that under the law and facts in this case the first proposition of counsel for appellant is untenable. As to the second proposition argued by counsel for the appellant the facts upon which he bases his argument is contradicted flatly by the record. The only answer we can make to this proposition of counsel is that the facts in the case do not sustain his contention. We call the court's attention to the record as to this proposition and submit that the record and the facts stated in the brief of counsel for appellant are absolutely at variance, are wholly irreconcilable. For example: Counsel asserts that T. J. Dukemanier appointed the substituted trustee in the deed of trust, when the record shows that the beneficiary in the deed of trust, Dukemanier Bros., appointed this substituted trustee and attached to their appointment the word seal. This we submit is a full compliance with the conditions of the deed of trust. See 79 Miss. 192.; 4 Howard, p. 363 and 8 S. & M. 485.

If the record in this case sustains our assertion and argument, which we submit it does, then the above proposition argued by counsel for appellant is fallacious because it is not sustained by the facts.

As to the proposition argued by counsel that the judgment could not have been for more than one hundred and thirty-five dollars, we submit is correct law; is a correct proposition of law. And in justification of our writing the judgment as appears from the record we state that we argued with the court and counsel that no judgment in dollars and cents should have been rendered and that the only proper verdict that could be rendered was that "we, the jury, find that plaintiff was entitled to the property and value it at $——, etc." We know this statement is contrary to the opinion delivered in the case of *Johnson* v. *Tabor*, 57 So. 366, but we submit that that decision on that point is error and that case on that point should not be the law of the state of Mississippi. However, in order that this case may not be reversed and fearing that

the court may not see its error in the above cited case and in order to place our argument in line with the decision we now here consent and agree that a remittitur may be entered reducing the judgment to one hundred and thirty-five dollars, the value of the property as appears from the writ of replevin.

We respectfully submit that the case should be affirmed and judgment entered in the sum of one hundred and thirty-five dollars.

Argued orally by *Geo. C. Paine,* for appellee.

Reed, J., delivered the opinion of the court.

This is an action in replevin, brought by appellee as substituted trustee in a justice of the peace court to recover from appellant personal property included in a deed of trust. The judgment of the court of the justice of the peace was in favor of appellee. Appellant appealed to the circuit court, and the verdict and judgment in the trial there was also in favor of appellee. The affidavit and the return by the sheriff on the writ of replevin valued the personal property levied on at the total sum of one hundred and thirty-five dollars. The same valuation was given in the testimony of three witnesses for plaintiff. The verdict of the jury, rendered about seven and one-half months after the property was levied on, valued all of it at two hundred and forty dollars.

Appellant contends that the verdict shows that the valuation of the property exceeded in amount the jurisdiction of the justice of the peace court, and that, therefore, the court did not have jurisdiction to finally dispose of the case. It is settled in this state that the test of the jurisdiction is the value of the property as shown by the affidavit, and is not the value of the property as found by the jury. It will be noted that the valuation made by the sheriff in his return sustained that in the affidavit. It does not appear in this case that the property was know-

ingly undervalued for jurisdictional purposes. *Johnson* v. *Tabor,* 57 South. 365; *Ball* v. *Sledge,* 82 Miss. 749, 35 South. 447, 100 Am. St. Rep. 654; *Brumfield* v. *Hoover,* 90 Miss. 502, 43 South. 951.

Appellant assigns as an error that the substitution of the trustee in the deed of trust should, by the terms of the instrument, be made under the seal of the beneficiaries therein, and that the seal, which is a scroll, does not make reference to show that it is the seal of the parties making the substitution. The scroll made in the nature of a seal is sufficient. It makes no difference whether any word was written or printed in connection with the scroll to indicate whose scroll it was. *Wanzer* v. *Barker,* 4 How. 363; *Hudson* v. *Poindexter,* 42 Miss. 304; *Sharpley* v. *Plant,* 79 Miss. 175, 28 South. 799, 89 Am. St. Rep. 588.

The contention by appellant relative to the application of payments made, and to certain errors in the statement of appellee's account, is settled by the verdict of the jury. There were conflicts in the testimony as to these questions, they were properly submitted to the jury, and their verdict thereon controls.

Appellant contends that she should have been given the right to open and close the argument before the jury because the burden of proof was on her to show payments which she claims to have been made. The court's refusal to grant her this privilege is not reversible error. In the case of *Porter* v. *Still,* 63 Miss. 357, Judge ARNOLD, delivering the opinion of the court, said: "If the record contains several issues, and the plaintiff holds the affimative in either, or would be obliged to produce any proof to establish his claim or demand, it would be error to deny him the right to open and close the argument to the jury." The judgment of the circuit court, following the verdict of the jury, was in favor of appellee for the amount of two hundred thirty-two dollars and fifty-three cents. This was contrary to the decision of this court in the case of *Johnson* v. *Tabor, supra.* The appellee, how-

ever, in his brief consents and agrees that a remittitur may be entered, reducing the judgment to one hundred and thirty-five dollars, the value of the property as appears from the writ of replevin.

We do not find any error in the trial of this case. As appellee has consented to a remittitur, as stated, the same is now made, reducing the judgment to one hundred and thirty-five dollars, which is affirmed.

*Affirmed.*