ROBERTS v. GAY ET UX.

[75 South. 439, Division A.]

1. DISMISSAL AND NONSUIT. *Jurisdictional question. Overvaluation of property.*

Under Code 1906, section 706, so providing, if a suit shall be brought in the circuit court, with a false valuation of the property involved on purpose to confer jurisdiction, the plaintiff shall be nonsuited; but the court is not authorized to dismiss the action unless it manifestly appears that the overvaluation was intentionally made for the purpose of obtaining jurisdiction, and was not a reasonable and *bona-fide* estimate of the value of the property sued for.

2. SAME.

From the evidence as set out in this record the court held that there was such a dispute in the testimony as to value of the property involved, as that it could not have manifestly and palpably appeared to the trial judge that the overvaluation if such there was, was intentionally made by the plaintiff in order to obtain jurisdiction and hence the case should not have been dismissed on that account.

Appeal from the circuit court of Monroe county.

Hon. Claude Clayton, Judge.

Replevin by Albert Roberts against J. B. Gay and wife. From a judgment dismissing the case, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Leftwich & Tubb,* for appellant.

We submit that the test of jurisdiction under the decisions of this court in the matter of replevin is the value of the property sued for as set out in the affidavit in replevin. *Finn* v. *Harrington,* 54 Miss. 733; *Jackson* v. *Tabor,* 101 Miss. 78; *Ball* v. *Sledge,* 82 Miss. 749; *Thompson* v. *Poe,* 104 Neb. 586.

We hardly think that more need be said to convince this court that the cause ought to be reversed beyond the reasoning in the case above quoted from. In these cases, *Stephens* v. *Eiseman,* 54 Miss. 535; and *Biddle* v. *Paine,* 74 Miss. 494, are analyzed and distinguished, and the rule is fully and finally established.

In the instant case, it is plainly and palpably unjust to appellant for the lower court to dismiss his cause out of court summarily; no question was raised, as has been observed, in the pleadings or in the notice under the general issue, to the effect that appellant willfully and intentionally overvalued his property to get in the circuit court; if such was a fact, the defendant must have known about it when he filed his plea, he had bonded the property. It will be observed that in the examination of the appellant on the stand he was not asked by defendant's counsel if he did not overvalue his property in order to get into the circuit court and if he was not attempting to avoid the jurisdiction of the justice of the peace court. Much may be said about the sheriff's valuation which, where there is no countervailing testimony, is by the statute made *prima facie* evidence, but if the question had been raised in the

pleadings about intentional overvaluation, then plaintiff could possibly have shown that the sheriff never saw the property at all but accepted the defendant's valuation of it, as is frequently done where the defendant wants to bond the property and the sheriff is saved a trip out into the country to seize it.

But if, as Judge TRULY says in the last portion of the quotation from *Ball* v. *Sledge,* it became manifest during the progress of a trial to the court, that the circuit was without jurisdiction, the circuit judge should dismiss the cause; then certainly the circuit judge in this case was palpably in error to give a final jury and verdict against plaintiff below so as to preclude him forever afterwards of bringing his cause in a court that did have jurisdiction.

Cognate to the authorities already cited in this brief, it has been twice recently held by this court that the test of the jurisdiction of the justice of the peace in an action of replevin is the value of the property as shown by the affidavit, and is not the value of the property as found by the jury. *Johnson* v. *Taber,* 101 Miss. 78; *Thompson* v. *Poe,* 104 Miss. 586.

Among other things, Chief Justice SMITH in the case first cited, uses this language which applies to the whole subject: "The test of the jurisdiction is, not the value of the property as found by the jury, but the value as alleged in the affidavit, unless the property therein is knowingly overvalued or undervalued for for jurisdictional purposes. *Ball* v. *Sledge,* 82 Miss. 749, 35 So. 447, 100 Am. St. Rep. 654; *Brumfield* v. *Hoover,* 90 Miss. 502, 42 So. 951. In the affidavit the value of the property is alleged to be, the horse, seventy-five dollars, and the mare one hundred dollars, making a total of one hundred and seventy-five dollars, and there is nothing in the evidence to indicate that this allegation was not made in good faith. It does not appear in this case that the property was knowingly undervalued for jurisdictional purposes. *Johnson* v. *Tabor,* 57 So. 365;

*Ball* v. *Sledge,* 82 Miss. 749, 35 So. 447, 100 Am. St. Rep. 654; *Brumfield* v. *Hoover,* 90 Miss. 502, 43 So. 951.''

We might add further that the authorities cited in these excerpts further elucidate the questions raised here. We hardly think we need go further and discuss that assignment of error as to the dismissal of the suit as to Mrs. J. B. Gay, or to discuss any other questions in the record, because we respectfully submit that there was plain error of the learned circuit court in his dismissal of the cause in the manner he did and then in rendering a judgment precluding the appellant from bringing his suit in any other court.

*Paine & Paine,* for appellee.

Counsel for the appellant, as we understand their brief, raise two questions, to wit: First; ''There is nothing found in our chapter on replevin as construed in the latest decisions allowing this trial court after the cause has been fully developed on the pleadings and in the evidence, and when no question is raised in the evidence, to summarily dismiss the plaintiff's cause, because the trial judge thinks he intentionally overvalued or undervalued his property to suit the exigency of the case;'' this quotation is found on the top of page 8 of counsel's brief.

In reply to this we respectfully insist that counsel are mistaken as to the law in this state as announced by our court in *Ball* v. *Sledge,* 82 Miss. 749 and in *Johnson* v. *Tabor,* 101 Miss. 79 and in *Thompson* v. *Poe,* 104 Miss. 586.

A careful reading of these cases will convince the court that the law is well established that when a party in a repelvin suit knowingly overvalues or underestimates the property for the purpose of giving a court jurisdiction, that whenever this appears from the evidence in the case it is not only proper for the court

to dismiss the cause but it is the duty of the court to do so.

But counsel say, if we are wrong in this proposition, and the court does have the power to dismiss the cause under these circumstances, yet in the case at bar the lower court erred in dismissing the cause because there was no proof that the appellant knowingly over-estimated the value of the property for the purpose of giving the circuit court jurisdiction; and this is really the only argument that is seriously pressed by counsel. And before answering this part of their brief we want to state to the court that we are familar with the rule of law announced in the cases cited by counsel to the effect that the test of the jurisdiction in replevin suits is the value of the property as set out in the affidavit, unless the party has knowingly overvalued or under-estimated the value of the property for the purpose of giving some court jurisdiction. And we have no fault to find with any of the cases cited by counsel as they announce the true doctrine in the state. But we simply say that in the case at bar the facts were sufficient to convince the court that the appellant had knowingly overvalued the property and acting under the law as announced in these authorities he dismissed the appel-lant's case.

Was this action of the trial judge correct? He certainly has the authority to take such action and it is simply a question left for the trial judge under the circumstances of each case.

It is not a question that can be determined by a jury according to the authorities in our state but it is a matter that must be addressed to the sound wisdom and discretion of the judge trying the case; and when the evidence is sufficient to prove to the judge that the party has knowingly overvalued the property for the purpose of giving the court jurisdiction, then it is his duty to dismiss the cause. Appellant still has left open to him his right to institute the suit in the court that has juris-

diction and we respectfully submit that the case should be affirmed as to both appellees.

HOLDEN, J., delivered the opinion of the court.

This is a replevin suit for the possession of two mules and certain farm implements, instituted by the appellant, Albert Roberts, in the circuit court of Monroe county. On motion there was a judgment rendered, dismissing the case upon the ground that the court had no jurisdiction because the plaintiff had intentionally and falsely overvalued the property in the affidavit, for the purpose of obtaining jurisdiction in the circuit court. From the judgment of dismissal this appeal is taken.

It appears that the property sought to be recovered by the writ of replevin consisted of two mules, one valued at one hundred and thirty-five dollars, and the other at one hundred and twenty-five dollars, and also several farm implements of small value. The above valuations of the property were set out in the affidavit filed by the plaintiff, and at the trial the plaintiff testified very positively that the two mules were worth more than two hundred dollars basing his estimate of the value of the stock upon what he had paid for them a short time previously, when he purchased one of the mules from the appellee Gay for the sum of one hundred and forty dollars. Another witness, Hutch Walton, valued the mules at about one hundred and eighty dollars. The appellee, defendant in the court below, introduced several witnesses, including the sheriff of the county, who testified that the value of the stock was as low as sixty to eighty dollars. With this conflict in the evidence as to the value of the property before the court, a motion was made by the appellee to dismiss the case, for the reason that it appeared from the evidence that the value of the property was less than two hundred dollars, and that

the valuation was false in the affidavit, and in the testimony, and that the stock was intentionally overvalued by the plaintiff in order to confer jurisdiction upon the circuit court. The judge, with this conflicting testimony before him, sustained the motion and dismissed the case.

It is true that under section 706, Code of 1906, if the suit shall be brought in the circuit court, with a false valuation of the property involved, on purpose to confer jurisdiction, the plaintiff shall be nonsuited; but the court is not authorized to dismiss the action unless it manifestly appears that the overvaluation was intentionally made for the purpose of obtaining jurisdiction, and was not a reasonable and *bona-fide* estimate of the value of the property sued for. From the evidence in the record before us, we think there was such a dispute in the testimony as to the value of the two mules that it could not have manifestly and palpably appeared to the trial judge that the overvaluation, if such there was, was intentionally made by the plaintiff in order to obtain jurisdiction. But the testimony reasonably and fairly shows that the valuation of the mules in the affidavit at more than two hundred dollars was made in good faith, and it could not be said from the bench, as a matter of law, which might follow from conclusive and undisputed testimony, that the plaintiff intentionally placed a false value upon the property in order to confer jurisdiction upon the circuit court. Before a suitor can be dismissed peremptorily by the court on the ground of intentionally and falsely undervaluing or overvaluing his property for the purpose of obtaining jurisdiction, it should appear conclusively and manifestly that the plaintiff knowingly and intentionally misrepresented the value of his property, and thus practiced a fraud upon the court for the purpose of obtaining jurisdiction therein. *Fenn* v. *Harrington,* 54 Miss. 733; *Ball* v. *Sledge,* 82 Miss. 749, 35 So. 447, 110

Am. St. Rep. 654; *Johnson* v. *Tabor*, 101 Miss. 78, 57 So. 365; *Thompson* v. *Poe*, 104 Miss. 586, 61 So. 656. The testimony in this record does not warrant such a peremptory conclusion. Therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*