HERRINGTON v. STIMPSON COMPUTING SCALE CO.

(Division A. Jan. 19, 1931. Suggestion of Error Overruled Mar. 2, 1931.)

[131 So. 879. No. 28834.]

Montgomery & Buchanan, of Laurel, for appellant.

Welch & Cooper, of Laurel, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is a replevin suit which was instituted in the court of the justice of the peace of Jones county, Mississippi, upon an affidavit averring that Roy P. Noble, described as the attorney and agent for Stimpson Computing Scale Company, a corporation, made oath that a certain computing scale therein described, the property of the affiant, was wrongfully detained by W. O. Herrington, and that "this affiant is legally entitled to the immediate possession thereof." Upon this affidavit, a replevin writ was issued, and executed by the proper officer by taking into his possession the scale described, and by summoning the said W. O. Herrington. The cause proceeded to trial in the justice court between the Stimpson Computing Scale Company, as plaintiff, and the said W. O. Herrington, as defendant, and resulted in a judgment for the defendant, from which the plaintiff appealed to the coun-

ty court. In the county court the trial was resolved into an issue of debt depending for its solution upon the question of whether or not two certain checks, amounting in the aggregate to sixteen dollars and seventy cents, had been paid. The jury found for the defendant, and from the judgment entered, an appeal was prosecuted to the circuit court, where the judgment of the county court was reversed and the cause was remanded to the county court with directions that a judgment be entered awarding possession of the scale to the plaintiff. Upon remanding the cause to the county court, a judgment was there entered in accordance with the instruction of the circuit court, and from this judgment an appeal was again prosecuted to the circuit court where it was affirmed, and thereupon appealed to this court.

The foundation of a replevin proceeding is the affidavit of the person seeking the issuance of the writ of replevin averring that he is entitled to the immediate possession of particularly described property. The statute, section 3079, Code 1930, provides that if any person, or his agent or attorney, shall make an affidavit setting forth that he is entitled to the immediate possession of particular personal property therein described, a writ of replevin for such property may be issued. Under this statute the required affidavit may be made by the agent or attorney of the person seeking the issuance of the writ, but, in such case, the affidavit must set forth that the principal, and not the agent or attorney, is entitled to the immediate possession of the property involved. In the case at bar, the affidavit was made by one who was described as the agent and attorney of the Stimpson Computing Scale Company, but it set forth that the property therein described was the property of the affiant, and that he (the affiant, Roy P. Noble) was entitled to the immediate possession thereof. In the trial of the cause there was no contention that the property belonged to the affiant,

or that he was entitled to the possession thereof. In the case of Meyer v. Mosler, 64 Miss. 610, 1 So. 837, 838, it was said that: "It is well settled that an action of replevin cannot be brought in the name of one person for the use of another, for the action involves nothing but legal rights." Consequently, the affidavit filed in this cause setting forth that the affiant had the legal title, and was entitled to the immediate possession, of property described would not support an action of replevin by the Stimpson Computing Scale Company to recover possession of the property. In the absence of an affidavit that the plaintiff was entitled to the property, the court was without jurisdiction of the cause; and since a proper affidavit is necessary to confer jurisdiction in replevin, the absence thereof can be raised for the first time on appeal. For the reasons above indicated, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.