GILLIAM *v.* G. P. COOK AUTO CO.

(Division A.   May 30, 1932.)

[142 So. 23.   No. 30040.]

See, also, 141 So. 350.

Loving & Loving, of Columbus, and **B. H. Loving**, of West Point, for appellant.

Frierson & Anderson, of Columbus, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is a replevin suit which was instituted in the court of a justice of the peace of Lowndes county, Miss.,

upon an affidavit averring that "G. P. Cook, doing business as G. P. Cook Auto Company, by H. E. McKay, agent, makes affidavit that a certain 1930 Tudor Sedan, Motor No. 3,122,809, of the value of one hundred ninety-one dollars and sixty cents, the property of the affiant, is wrongfully detained by A. B. Gilliam in District No. 2, and this affiant is legally entitled to the immediate possession thereof." The justice of the peace rendered a judgment in favor of the plaintiff, from which the defendant appealed to the circuit court. In the circuit court the defendant filed a motion to dismiss and a plea in abatement on the ground that the justice court was without jurisdiction of the cause for the reason that the property involved was of a value largely in excess of two hundred dollars, and that in the affidavit for the writ of replevin it was knowingly and intentionally undervalued for the purpose of conferring jurisdiction on the justice court. After hearing evidence offered in support of this motion and plea, the court overruled them, and upon the hearing on the merits directed a verdict in favor of plaintiff, and, from the judgment entered, the defendant appealed to this court.

In his assignments of error the appellant challenges the sufficiency of the affidavit upon which the suit is based, but, in view of the fact that the cause must be reversed upon another ground, we express no opinion on that point. On the motion to dismiss and the plea in abatement the appellant offered the testimony of three automobile dealers and salesmen, who testified that, at the time of the levy and the trial in the justice court, the value of the automobile involved was from four hundred to four hundred fifty dollars, and each of these witnesses, and also the appellant, testified that, on the day the suit was instituted, H. E. McKay, the agent of appellee, who instituted the suit by making and filing the affidavit which fixed the value of the automobile at less than two hundred dollars, stated to them that it was worth

at least four hundred dollars. To meet this testimony of intentional under-valuation, the appellee, G. P. Cook, testified that he considered the value of the automobile to him to be less than two hundred dollars, and that, if he had reclaimed it, he would have been satisfied to realize two hundred dollars out of it. That this testimony of the appellee had no probative force is made apparent by an examination of his entire testimony, from which it appears that he had not seen the automobile since it was sold as a new automobile, and had no personal knowledge as to its condition and value at the time of the levy.

It is shown by the testimony of several witnesses, without contradiction, that, on the day the suit was instituted by appellee's agent, he stated that the automobile was worth four hundred dollars or more. This agent of appellee resided in the same town as appellee, and was available to him, but was not offered to contradict the testimony of the several witnesses upon this point. That the value of the automobile was more than twice the sum stated in the affidavit for the writ of replevin is shown by the testimony of several witnesses who were in the automobile business and were familiar with the particular automobile and the market value of automobiles of like character and condition.

The test of the jurisdiction of a justice of the peace in an action of replevin is the value of the property as shown by the affidavit, unless the property is therein knowingly and intentionally undervalued for the purpose of conferring jurisdiction, and upon the testimony in this record we think it appears manifestly and conclusively that the appellee's agent knowingly and intentionally misrepresented the value of the property involved for the purpose of obtaining jurisdiction in the justice court. This being true, the motion to dismiss the cause for want of jurisdiction should have been sustained. Roberts v. Gay, 114 Miss. 627, 75 So. 439, and authorities there cited.

Reversed and dismissed.