CHOCTAW CULVERT & MACHINERY CO. *v.* McCOOL.

(Division A. January 21, 1935.)

[158 So. 796. No. 31158.]

**D. H. Glass** and **J. D. Guyton**, both of Kosciusko, for appellant.

James **T. Crawley,** of Kosciusko, for appellee.

McGowen, J., delivered the opinion of the court.

This is an action of replevin instituted in the circuit court of Attala county. There was a verdict and judgment in the lower court for appellee, the defendant in replevin, the plaintiff having theretofore in due time executed a bond for the forthcoming of the property and gone into possession thereof. The judgment for the defendant, we will assume, was in the alternative, but in some respects it was unusual.

The affidavit filed as the basis of the suit is as follows:

"State of Tennessee, Shelby County. Before me an officer duly authorized to administer oaths, A. S. Ullathorne, treasurer of Choctaw Culvert & Machinery Company, a corporation of Memphis, Tennessee, makes affidavit that one 5L-St. Jaeger mixer on steel wheels complete, serial No. 57066 of the value of three hundred fifty dollars the property of affiant is wrongfully detained by S. G. McCool in Attala County, Mississippi, and that this affiant is legally entitled to the immediate possession thereof; wherefore he prays a writ of replevin for the seizure of said property. A. S. Ullathorne, Treasurer of Choctaw Culvert & Machinery Co., Inc., Memphis, Tennessee.

"Sworn to and subscribed before me this the 2nd day of January, A. D., 1932. T. B. Daniel, Notary Public. My commission expires April 21st, 1935."

It will be observed that the affidavit is made by A. S. Ullathorne, treasurer of the Choctaw Culvert & Machinery Company, and alleged that the property is that of the affiant, and the affiant is legally entitled to the immediate possession thereof. On the trial in the court below, there was no point made upon the defect in the affidavit. There was no attempt to show that Ullathorne, treasurer, was entitled to the possession of the property. The case was litigated between the machinery company and McCool. In this court the appellee points out that the appellant has no standing in this court, for the reason that there was no proper affidavit in replevin as the basis of this suit, and, relying upon the case of Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878, 879, 880, asks that we now reverse and remand the case in order that it may be dismissed in the lower court. Appellee contends that this case is not in point. In the Herrington Case this court decided that an agent or attorney may make the affidavit in replevin for the principal, but that the affidavit must allege that the principal is entitled to the immediate possession of the property, and the affidavit, failing to so allege, was so defective as not to confer a jurisdiction on the lower court under section 3079, Code 1930. In that case the court further said: "In the absence of an affidavit that the plaintiff was entitled to the property, the court was without jurisdiction of the cause; and since a proper affidavit is necessary to confer jurisdiction in replevin, the absence thereof can be raised for the first time on appeal."

We therefore reverse and remand this cause, and we have not considered the appeal on its merits.

Reversed and remanded.