Tatum *v.* Sciscoe.

(In Banc. Dec. 9, 1940.)

[199 So. 70. No. 34337.]

**Green & Green** and **Forrest B. Jackson,** all of Jackson, and **John R. Tally,** of Hattiesburg, for appellant.

**Alexander & Satterfield,** of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was instituted as an action in replevin to recover certain personal property which was alleged to have been wrongfully detained by the appellant and a codefendant, and for damages for the alleged wrongful detention thereof. There was a verdict and a judgment for the appellee accordingly, and from which this appeal is prosecuted.

The record here contains a stipulation in writing, duly signed by all of the attorneys in the case, styled ''Stipulation of Counsel as to the Record in the Supreme Court of the State of Mississippi,'' and which writing contains, among other provisions, the following: ''The original affidavit in replevin (Tr., 1) was lost without fault on the part of either party and thereafter counsel for plaintiff undertook (having no copy available) to reproduce from memory the form and that affidavit appearing in the record is the one so thus written. Counsel for defendant had in his file a copy made of the original affidavit, which is annexed hereto, and is to be, by agreement, substituted as a part of the record, counsel for appellee stating to the Court, however, that he does not know this to be accurate

but accepts statement of counsel for appellant that it is accurate and was thus obtained."

The copy of the original affidavit above referred to as being "annexed hereto" shows that it was made by an attorney on behalf of the appellee, and that the property therein described is stated therein to be the property of the affiant, and that the affiant is legally entitled to the immediate possession thereof, whereas all the proof offered on behalf of the appellee in the court below is to the effect that the property belonged to appellee, Bruce M. Sciscoe, doing business as Globe Supply Company, and not to the attorney, and that Sciscoe was entitled to its possession.

The other affidavit in replevin, referred to in the stipulation of counsel as having been reproduced by counsel for the plaintiff "from memory," is in due form; and it is the position of counsel for appellee that this Court has now before it two substituted copies of the original affidavit in replevin—their version and that of counsel for the appellant. We do not so understand the situation. Only one of the copies now appearing in the record could, in the very nature of things, be deemed a true copy of the original; and, as we interpret the stipulation of counsel, the one contended for by appellant and annexed to the said agreement is a copy made of the original, while the other was made from memory, and it is agreed that the one thus annexed "is to be, by agreement, substituted as a part of the record;" counsel for appellee, though stating that he does not know this to be accurate, accepts the statement of counsel for appellant that it is accurate and was made as a copy of the original, as expressly stated in the last sentence of the signed agreement hereinbefore set forth.

We have no alternative, therefore, except to treat the affidavit so annexed to the stipulation of counsel as being a true copy of the original affidavit in preference to one which is agreed to have been substituted from memory.

Therefore, the case is controlled by the decisions of this Court in the case of Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878, 879, and Choctaw Culvert & Machinery Co. v. McCool, 172 Miss. 1, 158 So. 796, which held such an affidavit to be defective and not to give the trial court jurisdiction to try the suit. It was also held in both of those cases that the insufficiency of the affidavit may for the first time be raised in this Court on appeal, since it is indispensible under Section 3079, Code of 1930, that there be an affidavit averring that the person seeking to recover the property in controversy is entitled to the immediate possession thereof, as a condition precedent to the issuance of a valid writ of replevin.

The case must, therefore, be reversed and remanded, without any consideration by this Court of the appeal on its merits.

Reversed and remanded.