McCASKILL *v.* LITTLE.

May 19, 1952.

No. 38452 (58 So. (2d) 801)

**Dale & Wilson,** for appellant.

**Russell & Little,** for appellee.

**Hall, J.**

Appellee filed a circuit court suit in replevin for the recovery of certain personal property alleged to be wrongfully detained by appellant. After execution of the writ which was issued pursuant to the affidavit, appellee filed his declaration and within due time thereafter the appellant filed a detailed answer in which, among other things, he denied that appellee was entitled to immediate possession of the property. Eight days later the court gave a judgment by default against appellant and on a writ of inquiry peremptorily charged the jury to find for the plaintiff and to assess the value of the property involved.

 It is assigned for error that the trial court erred in entering a judgment by default while the answer was on file. In response to this, appellee contends that under Section 2859, Code of 1942, the only plea permitted in an action of replevin is ''Not Guilty.'' This Court so held in Bennett v. Holloway, 55 Miss. 211, and Porter Hardware Co. v. Peacock, 129 Miss. 129, 91 So. 856, relied upon by appellee. It is further contended that Chapter 230, Laws of 1948, as amended by Chapter 356, Laws of 1950, abolishing pleas in the circuit court and requiring that every defense heretofore presentable by plea shall be made in an answer, has no application to actions in replevin and that consequently the answer is a nullity which may be disregarded; it is unnecessary for us to decide whether the defense in replevin shall be made by plea or by answer for the reason that the answer in this case does specifically deny that appellee is entitled to possession of the property and is sufficient to be treated as a plea of not guilty.

Section 2859 merely says that ''The defendant may plead that he is not guilty of the premises charged against him, and this plea shall put in issue not only the right of the plaintiff to the possession of the property, but also the wrongful taking and detention, or wrongful detention

thereof, as the case may be.'' The statute does not set out any required form of such a plea, and where the essentials of the plea are set out in an answer we think this is sufficient even though the answer contains surplusage as it does in this case.

With this answer on file we are of the opinion that the lower court erred in entering a judgment by default against the defendant. In the case of Randall v. Gunter, 181 Miss. 332, 335, 179 So. 362, we said: ██ ██ ''A judgment by default where there is a plea on file presenting a valid defense is erroneous.'' In that case eleven Mississippi authorities are cited to support the quoted announcement of the law. We conclude, therefore, that the judgment should be reversed and the cause remanded for a hearing on the merits.

Another reason why the judgment must be reversed is that the pleadings do not state any cause of action within the jurisdiction of the circuit court and on remand the pleadings should be amended before the case is heard on the merits. ██ ██ The affidavit in replevin in this case describes the property but gives no value on any item thereof nor the value as a whole; hence it does not comply with the mandatory provisions of Sections 2841 and 2842, Code of 1942. Moreover, the writ of replevin gives no value of the property, Section 2845, Code of 1942, nor does the declaration give any value of the property. In Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 420, 131 So. 878, 879, 880, we held that ''a proper affidavit is necessary to confer jurisdiction in replevin, the absence thereof can be raised for the first time on appeal.'' This was followed in Choctaw Culvert & Machinery Co. v. McCool, 172 Miss. 1, 158 So. 796, and in Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70. In the case of Ball v. Sledge, 82 Miss. 749, 35 So. 447, it was held that the affidavit, as the basis of an action of replevin, determines the jurisdiction of the court so far as it concerns the value of the property sued for, unless the plaintiff knowingly undervalued or overvalued

it for jurisdictional purposes. This jurisdictional question is not raised by appellant, but it is so patent upon the face of the record before us that we cannot ignore it.

Reversed and remanded.

**McGehee, C. J.,** and **Alexander, Kyle** and **Holmes, JJ.,** concur.