ETHRIDGE, Chief Justice:
This is a replevin action, originating in the County Court of Harrison County. The jury rendered a verdict for the plaintiff-appellee, Friendly Finance Company of Biloxi, Inc., for the possession of certain appliances, or in the aggregate amount of $1,668.62. The judgment based on that verdict was affirmed by the circuit court.
The controlling issue concerns the sufficiency of the affidavit in replevin. Miss. Code 1942 Ann. § 2841 (1956). It provided:
Personally came and appeared before me, the undersigned authority in and for the County and State aforesaid, the FRIENDLY FINANCE CO. OF BIL-OXI, INC., BY MARGIE EDWARDS, its President, and makes affidavit that: * * * (describing property) the property of Friendly Finance Co. of Biloxi, Inc., is wrongfully detained by BARNEY M. GILES * * * and that the Friendly Finance Co. of Biloxi, Inc., is legally entitled to the immediate possession thereof, wherefore she prays a Writ of Replevin for the seizure of said property.
FRIENDLY FINANCE CO.
OF BILOXI, INC.
BY: Margie Edwards
Margie Edwards, President
Sworn to and subscribed before me, this the 1st day of May, 1965.
Appellant contends that the affidavit purports on its face to be that of the finance company, rather than the affidavit *266 of the agent of the company, Margie Edwards; and hence, because a corporation cannot swear to anything but can act only through its agent, it is said the affidavit is materially defective and did not grant jurisdiction to the county court. We agree.
The foundation of a replevin proceeding is the affidavit of the person seeking the issuance of the writ. In the absence of the affidavit, the plaintiff is not entitled to the property, and the court is without jurisdiction of the cause. The affidavit authorizes seizure of the property. Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878, 879 (1931). For example, where the affidavit is made by the agent of the person or corporation entitled to the property, it must allege that the principal, rather than the affiant, is entitled to possession of the property. Choctaw Culvert & Machinery Co. v. McCool, 172 Miss. 1, 158 So. 796 (1935); Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70 (1940). An affidavit on behalf of a corporation must show that it was made by an autho rized officer or agent. The officer himself must swear to the facts. So where, from the recitals in the body of the affidavit, the instrument purports to be made by the corporation itself, instead of by an agent on behalf of the corporation, it is invalid. Jeary v. American Exchange Bank, 2 Neb. Unof. 657, 89 N.W. 771 (1902) ; Blyth & Fargo Co. v. Swensen, 7 Wyo. 303, 51 P. 873 (1898); 2 C.J.S. Affidavits § 16 at 950 (1946). Horn v. John Deere Plow Co., 239 Miss. 887, 125 So.2d 829 (1961), involved a corporate affidavit in replevin, but the judgment was obtained by default, and no appropriate objection was raised in the trial court. Horn recognized that the affidavit was defective, but it was nevertheless amendable, and the defects were cured by the statute of jeofails. Miss. Code 1942 Ann. § 1544 (1956).
In the instant case, the defendant adequately raised the issue in his motion for a directed verdict at the close of plaintiff’s case, and in a requested but refused peremptory instruction. The affidavit in question purports to be that of the plaintiff corporation. It so states. The affidavit is signed in the name of the corporation “by Margie Edwards.” Moreover, the jurat does not indicate that it is based on the individual oath of Margie Edwards. For these reasons, there was no individual affidavit of an affiant, acting as the agent of the corporation, to serve as the basis of the replevin action and the seizure of the property. Accordingly, the trial court erred in refusing appellant’s requested peremptory instruction.
Reversed and judgment rendered here for appellant.
RODGERS, JONES, ' BRADY and INZER, JJ., concur.