JONES, Justice.
This is a replevin suit from the Circuit Court of Greene County wherein appellee was awarded possession of a certain automobile claimed by and in possession of appellants. We are reversing and remanding.
In a replevin action, the value of the property is an essential part of the affidavit by which the action is begun. Section 2841, Mississippi Code of 1942 Annotated (1956) providing for the institution of a replevin suit requires an affidavit giving, among other items, the description of the property and the value of each separate article.
Section 2842 supplies the form of the affidavit, and in this form, the value of each article sought to be recovered is required.
Section 2847 gives the form of the officer’s return, and this form requires that the value of each article be given separately.
Section 2849 provides for the giving of bond by defendant, and requires that the bond be in an amount twice the value of the property.
Section 2850 gives the form of bond by defendant and provides that the value of each article be stated.
Section 2853 gives the form of plaintiff’s replevin bond and requires that the property be described, and the value of each article be separately given.
Section 2860 provides that when plaintiff recovers and the defendant has given bond for the property, the judgment shall be against the defendant and the sureties on the bond, requiring that they restore the property to the plaintiff, if to be had, or pay him the value thereof as assessed by the verdict of the jury.
Section 2861 provides for essentially the same procedure when judgment is for the defendant.
Section 2862 provides for judgment where no bond is given in which event the value of the property and the damage shall be assessed.
The justice of the peace court has jurisdiction when the property is valued at no more than $200, and the circuit court has jurisdiction when the value is more than $200.
Therefore, the value of the property has been held to be jurisdictional. McCaskill v. Little, 214 Miss. 331, 58 So.2d 801 (1952); Brumfield v. Hoover, 90 Miss. 502, 43 So. 951 (1907); Ball, Brown & Co. v. Sledge, 82 Miss. 749, 35 So-. 447 (1903).
In the instant case the value of the property is not given in the affidavit, the declaration, the sheriff’s return, the jury’s verdict, or in the final judgment.
Defendant filed a motion to dismiss because no value was stated in the affidavit, and the judge of the lower court dictated into the record a statement that he was sustaining the motion to dismiss but granting permission to amend the affidavit to show the value of the automobile. There is nothing in this record to show that any order of the court was signed and entered on the minutes of the court. In the absence of an order on the minutes permitting an amendment, the pleading remains as it is. Oliver v. Miles, 144 Miss. 852, 110 So. 666 (1926); Lackey v. Saint Louis & San Francisco R. R. Co., 102 Miss. 339, 59 So. 97 (1912).
*249 For these reasons, the case is being reversed and remanded so that the pleadings may be properly amended before the hearing on the merits. McCaskill v. Little, 214 Miss. 331, 58 So.2d 801 (1952).
Reversed and remanded.
ETHRIDGE, C. J., and BRADY, INZER, and ROBERTSON, JJ., concur.