ROBERTSON, Presiding Justice, for the Court:
Raymond Birdsong, the defendant in a replevin action brought by Trans-American Van Service, Inc. against him to recover a 1971 Kentucky Van, appeals from a default judgment for $21,422 rendered against him in the Circuit Court of the Second Judicial District of Panola County.
In its declaration in replevin, Trans-American set forth the value of the van as $2,000, and stated that it was “prepared to file herein a good and sufficient bond in the amount of $4,000, said amount being double the value of the personal property as alleged herein, . . .
Trans-American prayed that “this Court will award unto Plaintiff possession of the personal property described herein, or if said property be not found, a judgment for its value, together with all costs of Court accruing herein.”
Birdsong was personally served with process and upon his failure to plead or appear in response to the summons, the court on September 28,1977, rendered judgment against him for the permanent possession of the van. The order further provided:
“[I]f defendant fails to immediately relinquish possession of said personal property to Plaintiff, then Plaintiff be and it is hereby awarded an Interlocutory Judgment against Defendant, Raymond Birdsong, for $2,000.00 (said amount being the value of the personal property described in its Declaration), as well as for damages sustained by Plaintiff for the wrongful taking and detention by Defendant of said personal property; that Plaintiff be and it is hereby awarded a Writ of Inquiry on said Interlocutory Judgment for assessment of such damages to be determined by this Court; . . . ”
On December 31, 1977, the court entered this Order on its Minutes:
“On ore tenus motion of Plaintiff to set a Writ of Inquiry heretofore awarded by this Court to Plaintiff by Order dated September 28, 1977, and duly entered in the above styled and numbered cause, a Writ of Inquiry on said Interlocutory Judgment for assessment of damages sustained by Plaintiff in this cause be and the same is hereby set, in Vacation, on Monday, January 23, 1978, at 11:00 o’clock A.M., at the Yalobusha County Courthouse, Water Valley, Mississippi.”
No order changing the place of hearing the Writ of Inquiry was entered on the Minutes, but on Monday, January 23, 1978, at 11:00 A.M., the court held a hearing on the writ of inquiry in Senatobia, Mississippi, instead of Water Valley. The defendant was not present at this hearing. This Final *753 Judgment was entered on the court’s Minutes on January 23, 1978:
“On September 28, 1977, an Interlocutory Judgment having been granted herein for Plaintiff against Defendant and a Writ of Inquiry having been awarded on said Judgment, this cause this day came on to be heard by the Court, pursuant to Order of this Court dated December 31, 1977, for the execution of said Writ of Inquiry and also upon proof heard and taken, and the Court having executed said Writ of Inquiry and having heard said proof, finds and adjudicates that Plaintiff’s damages on account of the matters and things set forth and alleged in the Declaration herein should be fixed at the sum of $21,422,00 and that a final judgment should be now entered herein. IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff, Trans-American Van Service, Inc., does have and recover of and from Defendant, Raymond Birdsong, the said sum of $21.422.00. with interest at the rate of eight percent (8%) per annum, from date of judgment until paid, and all costs of court herein expended for all of which let execution and other process of this Court issue.”
On January 30, 1978, Birdsong filed a “Motion to Set Aside Final Judgment” on the ground that the hearing on the writ of inquiry was held at a place other than that specified in the order setting the hearing, and also on the ground that in the declaration in replevin the van was valued at $2,000 and that Trans-American had only asked for the return of the van or in the alternative “a judgment for its value.” Birdsong charged in his Motion:
“That as such, this Declaration is not sufficient to support a demand or judgment in excess of the value of the trailer, which was established in the Declaration as $2,000.00.”
On February 8, 1978, at the hearing on the Motion to Set Aside, Trans-American’s attorney testified without objection that the items of damage totalling $21,422, for which amount a general judgment had been entered on January 23, 1978, were:
“$12,500.00, replacement value of the trailer; $3,500.00, value of the equipment on the trailer; $4,800.00, which was 80% of the lease value of similar equipment for ten months (total lease value is $600.00 per month); $500.00, amount necessary to pay an employee to go to Bates-ville to pick up the van; and $122.00 for incidental expenses incurred.”
The Motion to Set Aside was overruled. On February 21, 1978, Birdsong filed an additional Motion to Set Aside the $21,422 general judgment or in the alternative to conform the judgment to the proof, “making the judgment for incidental damages in the amount of $5,422.00 plus the judgment previously entered in the amount of $2,000.00 as value of the van and contents.” This Motion also was overruled.
Birdsong assigns as error:
1. The Court erred in failing to set aside a default judgment in the amount of $21,422.00 which was based on a declaration that asked for $2,000.00 damages.
2. The Court erred in failing to set aside a default judgment in the amount of $21,422.00 which included damages not claimed in the declaration.
3. The motion to set aside the default judgment should have been sustained where personal property in a replevin declaration is not individually itemized and individually valued.
4. The Court erred in failing to set aside a default judgment entered in vacation at a hearing held in Senatobia which had been set by order of the Court to be held in Water Valley.
Mississippi Code Annotated section 11— 37-101 (1978 Supp.) provides in part:
“If any person, his agent or attorney, shall file a declaration under oath setting forth:
(a) A description of any personal property;
(b) The value thereof, giving the value of each separate article and the value of the total of all articles;” (Emphasis added).
*754 As long ago as 1918, this Court held that the value of each separate article should be given as well as the total value of all articles. In Williams v. Williams, 117 Miss. 251, 78 So. 152 (1918), this Court said:
“The affidavit and judgment were both defective because of the failure of the first to set forth and of the second to assess separately the value of each article sued for. Section 4214, Code 1906 (section 3043, Hemingway’s Code); cases cited in 3 Mississippi Digest (Bobbs-Merrill) p. 679, par. 96. We are not here called on to decide whether or not the omission from the affidavit of the value of the property would of itself alone have necessitated the reversal by the court below of the judgment rendered by the justice of the peace if the value thereof had been properly assessed in the judgment rendered by him, for, without reference to that question, the judgment should have been reversed because of the error in not assessing therein the value of the property sued for, the value of each article of which should be separately assessed.” 117 Miss, at 257, 78 So. at 153. (Emphasis added).
In McCaskill v. Little, 214 Miss. 331, 58 So.2d 801 (1952), the Court gave a default judgment against the defendant in a re-plevin action, and on writ of inquiry peremptorily charged the jury to find for the plaintiff and to assess the value of the property involved. This Court, in reversing and remanding this case, said:
“The affidavit in replevin in this case describes the property but gives no value on any item thereof nor the value as a whole; hence it does not comply with the mandatory provisions of Sections 2841 and 2842, Code of 1942. Moreover, the writ of replevin gives no value of the property, Section 2845, Code of 1942, nor does the declaration give any value of the property. In Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 420, 131 So. 878, 879, 880, we held that ‘a proper affidavit is necessary to confer jurisdiction in replevin, the absence thereof can be raised for the first time on appeal.’ This was followed in Choctaw Culvert & Machinery Co. v. McCool, 172 Miss. 1, 158 So. 796, and in Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70. In the case of Ball v. Sledge, 82 Miss. 749, 35 So. 447, it was held that the affidavit, as the basis of an action of replevin, determines the jurisdiction of the court so far as it concerns the value of the property sued for, unless the plaintiff knowingly undervalued or overvalued it for jurisdictional purposes. This jurisdictional question is not raised by appellant, but it is so patent upon the face of the record before us that we cannot ignore it.” 214 Miss, at 334-35, 58 So.2d at 802. (Emphasis added).
In Ezell v. Hilton, 235 So.2d 247 (Miss.1970), in reversing a judgment for the plaintiff in replevin and remanding for a new trial, this Court said:
“In a replevin action, the value of the property is an essential part of the affidavit by which the action is begun. Section 2841, Mississippi Code of 1942 Annotated (1956) providing for the institution of a replevin suit requires an affidavit giving, among other items, the description of the property and the value of each separate article. (Emphasis added).
“In the instant case the value of the property is not given in the affidavit, the declaration, the sheriff’s return, the jury’s verdict, or in the final judgment.” 235 So.2d at 248.
Inasmuch as the value of each separate article, as required by statute, was not given in the declaration in replevin or in the final judgment for $21,422, and inasmuch as the hearing on the writ of inquiry was held in Senatobia, Mississippi, contrary to the order entered on the Minutes of the court that the hearing would be at the Yalobusha County Courthouse in Water Valley, Mississippi, the final judgment of the court for $21,422 on the writ of inquiry is set aside, and this cause remanded for a trial on the merits, after the pleadings have been properly amended to conform with statutory requirements.
REVERSED AND REMANDED.
*755 PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.