# H. C. JOHNSON *v.* W. J. TABOR.

[57 South. 365.]

1. STATUTE OF FRAUDS. *Sale of personalty. Purchase money. Payment. Delivery. Condition precedent. Intention. Writ of inquiry. Damages.*

 The term "purchase money" as used in section 4779, Code 1906, means simply the compensation or consideration which the seller is to receive for the property.

2. SAME.

 Under section 4779, Code 1906, to make a valid sale it is not necessary for the "purchase money" to be paid in coin or currency. It may be paid in anything of value which the parties agree upon and which the seller is willing to receive in payment, and credit given the seller upon his indebtedness, and his actual discharge from any further obligation to pay the same, to the extent of the agreed value of the property, constitutes a payment of the purchase money.

3. SALE OF PERSONAL PROPERTY. *Delivery.*

 Where a sale of personal property is otherwise complete, delivery as between the parties to the contract is not necessary, in order to invest the purchaser with the title thereto, unless delivery is required by the contract, as a condition precedent to the vesting of the title and the completion of the sale.

4. SAME.

 Whether or not delivery is a condition precedent to a sale becoming absolute is a matter of intention, and under the evidence in this case it was for the jury to say what was the intention of the parties.

5. REPLEVIN. *Assessment of value. Writ of inquiry.*

 Where in an action of replevin for two horses the jury which tried the case assessed the value of the two together but not separately and were discharged. It was proper for the court to award a writ of inquiry and submit to another jury the question of their separate values.

6. JUSTICE OF THE PEACE. *Jurisdiction. Affidavit.*

The test of the jurisdiction of a justice of the peace in an action of replevin is not the value of the property as found by the jury, but the value as alleged in the affidavit, unless the property therein is knowingly over-valued or under-valued for jurisdictional purposes.

7. JUSTICE OF THE PEACE. *Jurisdiction. Judgment. Remittitur.*

The affidavit on which replevin is begun, before a justice of the peace, is not only the basis for the issuance of the writ, but also the written statement of the plaintiff's cause of action and he cannot recover judgment for a greater value than alleged therein.

8. SAME.

In case the jury award a greater value than claimed in the affidavit in replevin the supreme court will require a remittitur to the amount claimed in the affidavit before affirming the case.

APPEAL from the circuit court of Winston county.
HON. G. A. McLEAN, Judge.

Suit by W. J. Tabor, agent for J. A. Hearon, against H. C. Johnson. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. H. Rodgers,* for appellants.

It is shown in the evidence that there had never been a sale between Tabor and the appellant for the very simple reason that the trade had never been closed out, for the very next day after Tabor claimed he bought the stock the appellant and W. J. Tabor had a considerable conversation about some cotton, and Tabor mentioned nothing about the stock in any way.

Now the court clearly had no jurisdiction of this case for the simple fact that all the evidence shows that the valuation of the stock placed on it by Mr. W. J. Tabor the appellant was a wilfull under-estimate of the real value of the stock. All the witnesses testified that the valuation of said stock was over two hundred dollars. The two juries who passed upon this case said emphati-

cally in both their verdicts that the value of the stock was more than $200.

The court erred in sustaining appellees motion for a writ of inquiry when the jury who tried the case originally had returned a verdict in these words and figures to-wit: "We the jury find for the plaintiff and assess the value of the horse at one hundred and fifteen dollars and assess the value of the mare at one hundred and thirty-five dollars."

This was an assessment of the value of the property for more than the jurisdiction of the justice court, hence the circuit court had no more jurisdiction than the justice court appealed from, and it is above the jurisdiction of the inferior and appellate court. *Stephens et al.* v. *Eiseman,* 54 Miss. 535; *Fenn* v. *Jane E. Harrington,* 54 Miss. 733.

The court erred in modifying the instruction for the defendant H. C. Johnson. The instruction read before the modification thus: "The court charges the jury for the defendant that the plaintiff must prove clearly and without equivocation that the sale from plaintiff to him was absolute, and if they believe from the evidence that the plaintiff did not rely on the sale and after he had begun this suit he undertook to subject any other property for the credit shown on his books for the two horses in question then they shall find for the defendants."

The court modified this instruction by striking out the latter clause "shall find for the defendant" and added "may consider this fact in connection with all the testimony in determining this case."

In fact the court obviated the entire force of the instruction by the modification for the very reasoning conclusively shows that the plaintiff did not rely upon the sale of the horses from Johnson to him as is shown by his own evidence in which W. J. Tabor states that he undertook to subject one horse for this indebtedness.

The law of the land is, that if Tabor did not rely absolutely upon the sale of the horses from Johnson

to him, then it was not a closed trade, and if he undertook at any time to subject other property to this claim, the he did not rely upon his original agreement of sale with Johnson, and he could not have made Johnson comply with said agreement; but the court said that they might consider that fact. In other words that they could compel Johnson to comply with his contract of sale with Tabor, but from Tabor's own evidence when he did not rely upon the original contract of sale from Johnson, then the jury could consider that fact in connection with all testimony in determining the case.

*Flowers, Alexander & Whitfield,* for appellant.

The sale, if a sale at all, was purely an executory contract of sale; and when replevin was instituted there had been no delivery. Furthermore there had been no payment of any kind made by anyone to anyone. All that could have taken place, conceding plaintiff's testimony to be true, was merely a conversation relative to a sale.

Such being the case, we ask in all seriousness, how can it be held that there was such sale as the courts of our land will uphold? Because our statute law, Code 1906, section 4779, distinctly says that ''a contract for sale of any personal property . . . for the price of fifty dollars or upwards, shall not be allowed to be good unless the buyer shall receive part of the personal property . . . or shall actually pay or secure the purchase money or part thereof, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged by such contract or his agent thereunto lawfully authorized.''

Here was a contract of sale, according to plaintiff's contention. It was for personal property. It was for more than fifty dollars, being for one hundred and seventy-five dollars. The animals were not present, and were not then delivered, were in fact never de-

livered. The buyer, Tabor, never received any part of the personal property. He did not pay any purchase money, nor did he secure the payment of the same. A mere notation of credit upon a note is not sufficient. The statute uses the words "actually pay" the purchase money. Further, there was no note or memorandum in writing of the bargain made and signed by the party to be charged therewith. True it is that Tabor says, "I gave him a reecipt." He says this twice on the same page. But what kind of receipt was it? What was it for? Who signed it, if any one. It can certainly not be considered as the memorandum or note to be signed by the party to be bound thereby, referred to in the statute, nor is it payment. See *Starling* v. *Wyatt* (Miss)., 27 South. Rep. 526. Crediting a note upon a creditor's books does not of itself constitute a payment where such note was not given nor received in payment. *Follett* v. *Steele,* 16 Va. 30, cited on p. 1200 of 30 Cyc.

Nor is showing made that the defendant, Johnson, knew or understood or agreed to such method of alleged payment by the making of a one hundred and seventy-five credit on note of his held by Tabor. Where is there any showing that Johnson actually owed any note to Tabor or to Tabor's agent?

We insist that under Code 1905, section 4779, the contract of sale did not comply with the requirements of law. There was no receiving of any part of the property by the purchaser. There was no actual payment of purchase price. There was no memorandum or note of the sale made by the party to be bound thereby. The authority of Tabor as agent was never shown.

*L. H. Hopkins,* for appellee.

It will be seen that in the trial upon its merits the original judgment in the court below shows that the jury assessed all of the property as a whole at the sum of two hundred and twenty-five dollars. And the final

judgment in the case is based upon a writ of inquiry for a jury to properly assess the property, that is, to assess each animal separately, as provided for in *Spratley* v. *Kitchens,* 55 Miss. 578, but the aggregate amount according to their verdict is two hundred and fifty dollars, which of course is above the jurisdiction of a justice of the peace, the case having originated there. But it will be seen from the record that the affidavit, writ, constable's returns and the judgment of the justice of the peace all show the value of the property to be one hundred and seventy-five dollars. And since in *Ball* v. *Sledge,* 82 Miss. 749, and the authorities cited therein, the affidavit in replevin determines the jurisdiction of the court so far as it concerns the value of the property sued for, unless it is shown that the plaintiff knowingly under-valued or over-valued it for jurisdictional purposes, and since the record only shows conflicting testimony as to the value of the property, and there being no testimony showing that plaintiff knowingly under-valued the property for jurisdictional purposes, as indicated the said *Ball* v. *Sledge,* 82 Miss. 749, then the affidavit in the pleadings certainly settles the question of jurisdiction, and it reasonably appears that in this case plaintiff should have the property or the value thereof as fixed by the jury.

If it is the law that plaintiff cannot recover for more than the amount of the justice court jurisdiction, then the case should be sent back for the proper judgment in the proper amount, and not subject plaintiff to the disadvantage of another trial of its merits.

Upon a close inspection of the record it will be found that the verdict of the jury settles all questions of fact, and that the court has not otherwise committed any reversible error.

Argued orally by *Chalmers Alexander,* for appellant.

SMITH, J., delivered the opinion of the court.

J. A. Hearon, appellee, was a creditor of appellant, and W. J. Tabor was Hearon's agent, and attended for him to the matters herein involved. This suit, which was begun in the court of a justice of the peace, was instituted by appellee to recover of appellant possession of a horse and mare alleged to have been purchased by him from appellant and paid for by a credit on the debt. The evidence relative to this alleged purchase can best be stated in the language of Tabor, appellee's agent, and is as follows: "On that day he just come to me, and proposed to sell me a horse and mare on that date, and finally we agreed upon it. He wanted me to give two hundred dollars for the mare and horse, on his account—deed in trust, it was—and I told him that I would give him one hundred and seventy-five dollars and after he and I talked awhile over the matter he agreed to take it. He said that he could not pay his debt, and he would save feeding the stock until spring, and he could buy more, and he agreed to take it. I went down to the store, and I gave him credit for the mare and horse, one hundred and seventy-five dollars; also gave him a receipt. He was to deliver the stock to me. He said that he wanted to use the stock a few days— wanted to use the team a few days, and he would deliver me the mare and the horse on the day after Christmas— the Monday after Christmas. That was the understanding between Mr. Johnson and myself about the horse—mare and horse—that he would take one hundred and seventy-five dollars and deliver at the store." All of this was denied by appelant, who claimed that nothing of the kind occurred. From a verdict and judgment in favor of appellee, this appeal is taken.

Appellant, among other things, contends that the alleged sale is void under the statute of frauds (section 4779 of the Code), for the reason that the stock were not delivered and no part of the "purchase money" paid.

It is not necessary for the "purchase money" to be paid in coin or currency. It may be paid in anything of value which the parties agree upon, and which the seller is willing to receive in payment; and, consequently, the credit given appellee upon his indebtedness, his actual discharge from any further obligation to pay the same to the extent of the agreed value of the property, constituted a payment of the purchase money. 20 Cyc. 252. The term "purchase money," as used in this statute, means simply the compensation or consideration which the seller is to receive for the property. *Devin* v. *Himer,* 29 Iowa, 297.

The stock, however, were never actually delivered; and it is argued that for that reason the sale was incomplete, and that title never vested in appellant. Where a sale of personal property is otherwise complete, delivery as between the parties to the contract is not necessary, in order to invest the purchaser with the title thereto, unless delivery is required by the contract as a condition precedent to the vesting of title and the completion of the sale. *Smith* v. *Sparkman,* 55 Miss. 652, 30 Am. Rep. 537.

Whether or not delivery is a condition precedent to a sale becoming absolute is a matter of intention, and, under the evidence hereinbefore set out, it was for the jury to say what the intention of the parties hereto was.

The jury which tried the case upon its merits assessed the value of the horse and mare at two hundred and tewnty-five dollars, but failed to assess the separate value of each. At a later day of the term the court awarded a writ of inquiry, and the value of the property was by the second jury assessed at two hundred and fifty dollars, the value of the horse being placed at one hundred and fifteen dollars, and that of the mare at one hundred and thirty-five dollars. In awarding this writ of inquiry the court committed no error. The fail-

ure of the jury to assess the separate value of the animals rendered only that portion of the verdict void which assessed the value. Having discharged the first jury without its having properly assessed the value of the property, it became the duty of the court to award a writ of inquiry and to submit that question to another jury. *Spratley* v. *Kitchens,* 55 Miss. 578.

In order that a justice of the peace may have jurisdiction of a suit in replevin, the value of the property involved must not exceed two hundred dollars. *Biddle* v. *Paine,* 74 Miss. 494, 21 South. 250. And, since the jury have assessed the value of the stock at two hundred and fifty dollars, it is argued that the justice of the peace, and, consequently, the circuit court on appeal, was without jurisdiction. The test of the jurisdiction is, not the value of the property as found by the jury, but the value as alleged in the affidavit, unless the property therein is knowingly over-valued or under-valued for jurisdictional purposes. *Ball* v. *Sledge,* 82 Miss. 749, 35 South. 447, 100 Am. St. Rep. 654; *Brumfield* v. *Hoover,* 90 Miss. 502, 43 South. 951. In the affidavit the value of the property is alleged to be, the horse seventy-five dollars and the mare one hundred dolars, making a total of one hundred and seventy-five dollars, and there is nothing in the evidence to indicate that this allegation was not made in good faith.

The verdict rendered should not have been for more than one hundred and seventy-five dollars the reason that the affidavit in the court of a justice of the peace serves the purpose which the affidavit and the declaration together do in the circuit court; for in the court of the justice of a peace the affidavit serves, not only as the basis for the issuance of the writ, but also as the written statement of the plaintiff's cause of action. *Hawes* v. *Robinson,* 44 Ark. 308; *Hanner* v. *Bailey,* 30 Ark. 681. And, consequently, he cannot recover a value greater than that alleged. *Tiedman* v. *O'Brien,* 36 N. Y. Super. Ct. 539.

As we find no error in the other matters complained of, the judgment of the court below will be affirmed, provided appellee will enter a remittitur of forty dollars on the value of the horse and thirty-five dollars on the value of the mare, making a total of seventy-five dollars; otherwise, it will be reversed· and remanded.

*Reversed and remanded.*