### YOUNG *v.* ALEXANDER ET AL.

[86 South. 461. No. 21300.]

1. FRAUDS, STATUTE OF. *Contract for sale of personalty void under statute, unless partial receipt thereunder.*
A contract for the sale of personal property, the purchase price not being paid or secured by the buyer, is void under the statute of frauds (section 4779, Code of 1906; section 3123, Hemingway's Code), unless part of the personal property is received by the buyer pursuant to and in fulfillment of the contract of sale.

2. FRAUDS, STATUTE OF. *Buyer must have "received" part of property with intent to become owner.*
The word "receive," as used in the statute of frauds (section 4779, Code of 1906; section 3123, Hemingway's Code), means "to take into possession and control," and in order for a buyer to receive property pursuant to and in fulfillment of a contract for the sale thereof he must take it into his possession and control, with intent to become the owner.

3. FRAUDS, STATUTE OF. *Delivery not compliance with oral contract if buyer declines to accept.*
The delivery of property sold at the place designated therefor in an oral contract of sale is not a compliance with the statute of frauds if the buyer declines to accept the delivery and take the property into his possession.

APPEAL from circuit court of Humphreys county.
HON. H. H. ELMORE, Judge.

Action by J. R. Young against Alexander Bros. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 84 So. 697.

*Frank E. Everett,* for appellant.

We submit that this case should have gone to the jury on the question of the agreement of the parties. If their agreement was that the logs were to be delivered on the right of way of the Delta Southern Railroad, at or near Bear Creek and they were subsequently delivered there, that is delivery to the defendant, and takes the contract out of the statute of frauds, and makes a valid contract between them.

If the agreement between the parties was that delivery should be made on the right of way of the Delta Southern Railroad, it was a question for the jury to find whether or not the logs were so delivered. *Stonewall Mfg. Co.* v. *Peck,* 63 Miss. 342, the opinion being at page 344.

It is the evidence, and undisputed, that the contract between them fixed the place of delivery on the right of way of the Delta Southern Railroad, at or near Bear Creek, and the court should have left the question of delivery to the determination of the jury.

In *Johnson* v. *Tabor,* 101 Miss. at page 85, of the opinion, this court held: Where a sale of personal property is otherwise complete, delivery as between the parties to the contract is not necessary in order to invest the purchaser with the title thereto, unless delivery is required by the contract as a condition precedent to the vesting of title, and the completion of the sale.

Whether or not delivery is a condition precedent to the sale becoming absolute is a matter of intention, and under the evidence hereinbefore set out, it was for the jury to say what the intention of the parties heretofore was.

We, therefore, respectfully submit that the peremptory instruction should have been refused, and the case submitted to the jury.

*J. M. Cashin,* for appellee.

The appellant's idea seems to be that because he delivered the logs on the right of way of the railroad at Bear Creek that that amounted to a delivery to, and a receipt by Alexander Brothers of the logs. That idea is an erroneous one. To receive means to get by a transfer, as to receive a gift, to receive a letter, and involves the actual receipt. *Hellenback* v. *Getz,* 28 Atl. 519. "Receive, in reference to the sale of goods means receiving the possession of them. *Ford* v. *Friedman,* 20 S. E. 930; 40 W. Va. 177, see 7 W. & P., p. 5992; *Swafford* v. *Spratt,* 67 S. W. 701; *Bailey* v. *Ogden,* 3 Am. Dec. 509. See, also, "Accept & Receive," 1 W. & P., p. 62.

As stated above, the plaintiff showed both by his declaration and testimony that the appellees did not receive the logs, but on the contrary declined to receive them, or pay for them, and that the plaintiff continued to assert this right of possession, title and ownership of the logs, and made repeated efforts to sell them to other parties which he was unable to do.

The point in the case is not whether the logs were delivered on the right of way of the railroad at Bear Creek, but is that they were never received by Alexander Brothers, the appellees. The appellant is certainly mistaken in supposing, as stated in this brief, that the question involved in the appeal is whether the logs were delivered on the railroad right of way at Bear Creek. *Stonewall* v. *Peak,* 63 Miss. 342, is not in point. In that case eight bales of cotton were delivered to and received by the buyer. The court held simply that the question should have been submitted to the jury as to whether these eight bales of cotton were delivered in part performance of the contract for the sale of forty bales. In the case at bar there arises no question as to the receipt by Alexander Brothers of any part of the logs. The declaration and the testimony of the plaintiff both show that Alexander Brothers refused to receive the logs, or any of them, and did not receive them or any of them.

We are also unable to see that the case of *Johnson* v. *Tabor*, 101 Miss. 86 is in point. That case deals with the question of whether actual delivery, when the statute of fraud has been otherwise satisfied, is necessary to test title in the purchaser and that in such case whether actual delivery is necessary to vest title in the purchaser, is a question of intention of the parties.

"Where specific goods are agreed on which remain in the possession of the seller, a place of future delivery being agreed upon, the fact that the goods are taken by the seller to such place and there tendered to the buyer cannot operate as a compliance with the statute, if the buyer refuses to receive them when so tendered." 25 R. C. L., 622. See, also, 25 R. C. L., sec. 237, page 621. 49 Am. Dec. 328 (Note) ; 25 R. C. L., sec. 238 and 239, page 622. As stated in 25 R. C. L., page 624, in order to take the case out of the statute.

There must be, as a general rule, a delivery by the seller with an intention of vesting a right of possession in the buyer, and an acceptance by the buyer with the intention of taking possession as owner.

The appellant's testimony and his declaration both show that there was no delivery by him with the intention of vesting the rights of possession in Alexander Brothers, that they did not receive them at all, because appellant says that Alexander Brothers refused to receive the logs; afterwards he made repeated efforts to sell them to other parties, and was unable to do so. Failing in this effort to sell the logs to other parties, he then brought his suit against Alexander Brothers, an oral contract clearly invalid under the statute of frauds.

Alexander Brothers refused to receive the logs after they were delivered on the right of way of the Delta Southern Railway Company at Bear Creek by the appellant and tendered to appellees. "There can be no delivery of goods accomplished by mere words, without some act of the purchaser amounting to, a receipt thereof. *Dehority* v. *Paxton*, 97 Ind. 25.

In order to take a verbal contract out of the statute of frauds, there must be a transfer of possession evidenced by acts, and not by words merely. *Malone* v. *Plato,* 22 Cal. 103.

In A. L. R. 902, is an annotation to the case of *Bricknell* v. *Owygee Sheep and Land Company,* where may be found a collection of authorities on the question involved in this appeal, all of which seems to sustain our contention. In fact, the contract sued on is so palpably invalid under the statute of frauds that it seems that nothing but self obscuring judgment could have occasioned this appeal.

Smith, C. J., delivered the opinion of the court.

The appellant sued the appellees upon an alleged oral agreement by which they agreed to purchase from him logs "to be delivered on the right of way of the Delta Southern Railway at Bear Creek Station," and to pay therefor a price per thousand feet amounting in the aggregate to the sum of four thousand and thirty-six dollars and fifty-six cents. The declaration alleged the delivery of the logs by the plaintiff at the place agreed on in the contract, and that the appellees declined to pay him therefor. The appellees pleaded the statute of frauds (section 4779, Code of 1906; Hemingway's Code, section 3123), alleging specifically that none of the logs had been received by them. The evidence for the plaintiff disclosed the making of the oral agreement alleged in the declaration, and the placing of the logs by the plaintiff on the right of way of the Delta Southern Railway at Bear Creek Station, and that when notified thereof the appellees declined to receive them. This evidence was excluded by the court after the plaintiff had rested his case, and there was a verdict and judgment for the appellees.

The contract for the sale of the logs being verbal, and the appellees not having paid or secured the payment of any part of the purchase money, is void under the statute hereinbefore referred to, unless the logs were received by the appellees pursuant to and in fulfillment of the contract.

The word "receive" as used in this statute means "to take into possession and control," and in order for a buyer to receive property pursuant to and in fulfillment of a contract for the sale thereof he must take it into his possession and control with intent to become the owner. 25 R. C. L. 624; Mech. on Sales, section 376; *Shindler* v. *Houston,* 1 N. Y. 261, 49 Am. Dec. 316; *Hinchman v. Lincoln* 124 U. S. 38, 8 Sup. Ct. 369, 31 L. Ed. 337.

To hold that a mere delivery of the property sold at the place designated therefor in the contract of sale is a compliance with the statute would defeat its manifest purpose, which is to require the doing of an act by the purchaser, to-wit, taking possession of the property purchased, which may be considered an admission by him of the contract of sale. 25 R. C. L. 621, 2 Elliott on Contracts, section 1337. *Johnson* v. *Tabor,* 101 Miss. 78, 57 So. 365, relied on by counsel for the appellant, can have no application here, for the statute of frauds was not there involved.

The appellant, having failed to prove that the appellees received any of the logs alleged to have been sold to them, is not entitled to recover, and the court below committed no error in excluding his evidence.

*Affirmed.*