ENTREKIN *et al. v.* BYRD *et al.*[*]

(Division A.   Feb. 13, 1928.)

[115 So. 562.   No. 26935.]

1. FRAUDS, STATUTE OF. *Parol contract for sale of sugar cane without payment of purchase price was void, unless buyer received part or all of cane bought (Hemingway's Code 1927, section 3329).*

Contract for sale of sugar cane resting in parol, and wherein no part of purchase price was paid or security given, was void under Code 1906, section 4779 (Hemingway's Code 1927, section

3329-), unless purchasers received all or part of cane alleged to have been purchased.

2. FRAUDS, STATUTE OF. *Receipt sufficient to take parol contract of sale out of statute requires taking of property into possession with intent to become owner (Hemingway's Code 1927, section 3329).*

Receipt by buyer contemplated by Code 1906, section 4779 (Hemingway's Code 1927, section 3329), requiring delivery in case of oral contract of sale without payment of purchase price, is taking of property or part thereof into his possession and control with intent to become the owner, and some physical change must take place that is susceptible of being proved.

3. FRAUDS, STATUTE OF. *Sellers, retaining possession of sugar cane sold under parol contract for purpose of counting stalks, invalidated contract because of failure of delivery (Hemingway's Code 1927, section 3329).*

Where sellers of sugar cane under parol contract, without payment of purchase price, continued thereafter in possession for purpose of counting stalks in order to ascertain amount buyer would owe therefor, there was no delivery by seller and receipt by purchaser, within meaning of Code 1906, section 4779 (Hemingway's Code 1927, section 3329-), and hence contract was void.

---

*Corpus Juris-Cyc References: Frauds, Statute of, 27CJ, p. 231, n. 62; p. 244, n. 26; p. 248, n. 78.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

Suit by C. W. Byrd and another against W. H. Entrekin and another. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

*Hall & Hall,* for appellants.

This case falls strictly within the Statute of Frauds. See section 3123 of Hemingway's Code 1917, or section 4779, Code of 1906. The value of the sugar cane in controversy is more than fifty dollars, no part of the purchase money was paid or secured, and no note or memorandum in writing of the transaction was made and signed by any of the parties sought to be charged. The

appellees sought to escape the operation of this statute by undertaking to say that the cane was delivered to Johnson. Johnson and Entrekin did not take any of the cane but left it there on Byrd's land and in Byrd's charge and the only thing that Johnson ever did toward receiving the cane was to say "All right, I'll take it." However, Johnson did not actually take it into his possession and did not exercise any dominion or control whatever over any of it. *Ladnier* v. *Ladnier,* 90 Miss. 475, 43 So. 946; *Young* v. *Alexander,* 123 Miss. 708, 86 So. 461; *Easley* v. *Stewart,* 131 Miss. 756, 95 So. 525; *A. K. Burrough & Company* v. *Planters Oil Mill & Gin Company,* 138 Miss. 284, 103 So. 9.

*T. W. Davis* and *L. C. Bridges,* for appellee.

There is a sharp controversy between the testimony of the appellees and the testimony of the appellants with reference to the delivery of the sugar cane in question. Testimony of the appellees shows that the sugar cane in question was delivered to Johnson standing in the field, that Johnson gave directions to have the cane cut down and gave instructions and supervised the banking of the cane, thereby changing the *status* of the property. Johnson's acts in accepting the cane as it was standing and growing in the field and thereafter exercising the act of ownership by instructing the cutting of it and by instructing and supervising the banking of it changed the *status* of the property from that of growing cane to that of cane cut and banked for seed purposes. The acts of Johnson are sufficient to constitute delivery and to satisfy the requirements of the Statute of Frauds on the question of delivery. *Young* v. *Alexander,* 123 Miss. 708, 86 So. 461. *Ladner* v. *Ladner,* 90 Miss. 475, 43 So. 496, cited by counsel for appellants is not in point. The purchaser did no act to change the *status* of the property and nothing to take the possession thereof except to look at three sheep and state that he considered it a trade, while in

the case at bar the testimony of the appellees show that the defendant took possession of the property and then supervised the cutting and banking of it, thereby changing the *status* of the property and controlling the cane as that of his own. *Young* v. *Alexander*, 123 Miss. 708, 86 So. 461, can be distinguished from the case at bar. In that case logs were contracted for to be delivered to a certain place, the purchaser having nothing to do with the cutting of the timber or the hauling of the logs, while in the case at bar, the testimony of the plaintiffs show that the purchaser took possession of the cane in the field, directed its cutting and directed and supervised its banking. If this was not an act of ownership, what would constitute an act of ownership? *Charlotte Harbor & N. Ry. Co.* v. *Burwell et al.*, 56 Fla. 217, 48 So. 213; L. R. A. (N. S.) 20, 627; *Hinchman* v. *Lincoln*, 31 L. Ed. 337, 36 L. R. A. (N. S.) 76.

SMITH, C. J., delivered the opinion of the court.

C. W. Byrd and Mrs. Olivia Sistrunk, administratrix of Henry Sistrunk, deceased, recovered a judgment in the court below against W. H. Entrekin and Ed Johnson, Sr., for the price of sugar cane alleged to have been sold and delivered by Byrd and Sistrunk to Entrekin and Johnson, who have brought this case to this court.

One of the assignments of error challenges the refusal of the court below to direct a verdict for the appellants, the ground of the request therefor being that the contract sued on is void under section 4779, Code of 1906 (section 3329, Hemingway's Code 1927).

According to the evidence for the appellees, Byrd and Sistrunk owned a patch of sugar cane growing on land belonging to Byrd, which Sistrunk sold to Johnson, for himself and Entrekin, in November, 1926, and agreed to cut and bank the cane, for which, when so cut and banked, Johnson, for himself and Entrekin, agreed to pay ten dollars per thousand stalks. The cane was cut and

banked by Sistrunk. It was not counted when Johnson agreed to purchase it, but was counted by Byrd and Sistrunk after it was cut, and before it was banked, the count disclosing thirty-two thousand stalks thereof, making three hundred twenty dollars to be paid therefor, and to recover which this suit was brought. The cane was banked on the land on which it was grown, and the appellants were given until March 1st thereafter to remove it. Nothing was paid by the appellees on this contract, and they exercised no control over the cane, except that Johnson gave Sistrunk some directions as to how to bank it.

Johnson's version of his agreement with Sistrunk materially differed from that of the appellees, and, if true, discloses a complete defense for the appellants. As the contract sued on rests in parol and no part of the alleged purchase price of the cane was paid or secured, it is, of course, void under the statute here invoked, unless the appellees received all or a part of the cane alleged to have been purchased by them. The receipt by the buyer contemplated by this statute is the taking of the property or a part thereof "into his possession and control with intent to become the owner" (*Young* v. *Alexander,* 123 Miss. 708, 86 So. 461), and "some physical change must take place that is susceptible of being proved. If when the alleged agreement is completed the *status* of the property is exactly the same with reference to its physical possession as it was prior to the agreement, there is no delivery under the statute." *Easley* v. *Stewart,* 131 Miss. 756, 95 So. 525. The only change in the *status* of the cane after the alleged sale thereof to the appellants was that it was cut and banked, but it was not removed from the land which belonged to one of the sellers, and, so far as the outside appearance disclosed, remained in the possession of the sellers. Moreover, assuming that a contract for the sale of the cane was in fact made, it is clear that the appellees continued thereafter in possession of the cane, for the purpose of count-

ing the stalks in order to ascertain the amount the appellants would owe them therefor, and when such is the case there is no such delivery by the seller and receipt by the purchaser, as is contemplated by the statute. 27 C. J. 248.

Reversed, and judgment here for the appellants.

*Reversed.*