GARNER *v.* BROOM.

(Division B. Dec. 7, 1931.)

[138 So. 336. No. 29638.]

T. B. Davis, of Columbia, for appellant.

**Sebe Dale,** of Columbia, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee brought this action of replevin in the court of a justice of the peace of Marion county to recover of appellant a light bay mare of the value of fifty dollars. Appellant pleaded not guilty, and gave notice that on the trial he would claim against appellee actual and punitive damages in the sum of one hundred eighty-five dollars for the wrongful suing out of the writ of replevin. There was a trial, resulting in a judgment in appellee's favor, from which judgment appellant appealed to the circuit court, where there was a trial de novo, again resulting in a judgment for appellee, from which judgment appellant prosecutes this appeal.

The cause is here on motion of appellee to dismiss the appeal, on the ground that this court is without jurisdiction of the appeal, and also on its merits.

The case grew out of the barter and exchange of horses between the parties. Appellee owned a light bay mare, and appellant owned a black horse. They exchanged one for the other, appellee agreeing to pay appellant twenty dollars as boot, of which ten dollars was paid in cash, and appellee gave his note for ten dollars to appellant, payable at a future date. Later they agreed to re-exchange the same horses upon the following terms: Appellant was to retain the ten dollars paid him by appellee on the former exchange, and the latter was to pay the ten dollar note which he had executed and delivered to appellant; and, in addition, ten dollars more, to be paid at a future date.

Appellee testified that there were no other conditions to the re-exchange of the horses; while appellant testified that the re-exchange was to be upon condition that the horse owned by appellee should be in as good condition as when the first exchange was made. There was no memorandum in writing evidencing the re-exchange, and at the time there was no redelivery of either mare or horse—the actual exchange was to take place at a later day. Appellee accordingly tendered back to appellant the black horse, and demanded the return by appellant of the mare, which appellant declined to do, according to his testimony, upon the ground that the horse was not in as good condition as when the first exchange took place.

As stated, the appellee brought replevin against appellant for the mare, which is shown by the record to be worth fifty dollars. That value was fixed in the affidavit for replevin, and in the writ, and the return of the officer thereon. The mare was seized by the officer under the writ of replevin, and appellee took possession of it under a forthcoming bond.

We will consider first the appellee's motion to dismiss the appeal, upon the ground that the amount involved is not sufficient to give the Supreme Court jurisdiction.

Section 171 of the Constitution provides, among other things, that the jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars. Section 67 of the Code of 1930 deals with appeals from judgments of justices of the peace. The last clause of that section is in this language: "In all such cases where the amount in controversy exceeds the sum of fifty dollars either party shall be entitled to an appeal to the Supreme Court as in cases originating in the circuit court and the plaintiff may also appeal to the Supreme Court in cases where the difference between his demand and the judgment in his favor shall exceed said sum."

Appellee contends that the Supreme Court is without jurisdiction because the amount in controversy does not exceed the sum of fifty dollars, the value of the mare for which replevin was brought; while appellant contends that his counterclaim for one hundred eighty-five dollar damages for the alleged wrongful suing out of the writ of replevin is to be taken into consideration in determining the amount in controversy.

The question is not without difficulty. 35 C. J., section 394, p. 728, states that: "In replevin the matter in demand is the property itself, together with the damages for its taking and detention, while in a proceeding to establish a lien on the property, the value of the property determines the amount in controversy, irrespective of the amount of the debt."

Gresham v. Kennedy, 128 Miss. 469, 91 So. 129, was a replevin suit for the possession of a horse for the purpose of enforcing a lien thereon for the payment of an indebtedness due the plaintiff by defendant of forty-five dollars. The jury, in their verdict, fixed the value of

the horse at seventy-two dollars. The court held that the amount in controversy was not the indebtedness of forty-five dollars, but the value of the horse. The court used this language: ''And in an action of replevin, the amount in controversy is determined, not by the special interest of either the plaintiff or the defendant in the property sought to be replevied, but by the value of the property itself.''

Crooke v. Deas & Duke, 146 Miss. 260, 111 So. 293, was an attachment and garnishment in the court of a justice of the peace. The attachment was for the collection of an indebtedness alleged to be due the plaintiff of thirty-eight dollars and twenty cents. The defendant admitted the indebtedness, but traversed the grounds of attachment, and with the traverse claimed one hundred seventy-five dollars actual damage and twenty-five dollars attorney's fee, for the wrongful suing out of the writ of attachment. One question in the case was whether there was a sufficient amount involved to give the Supreme Court jurisdiction. The court held that where there is a counterclaim interposed, which is authorized by law, in a suit arising in the court of a justice of the peace, for an amount exceeding fifty dollars, after deducting from the counterclaim the amount of the judgment on the debt issue in favor of the plaintiff, that the defendant would be entitled to an appeal to the Supreme Court; that the opposing claims should be considered in determining the amount in controversy.

We do not think Gresham v. Kennedy, supra, is decisive of this question. There was no counterclaim in that case by the defendant for damages for the wrongful suing out of the writ of replevin. 3 C. J., section 221, p. 417, makes this statement: ''On the other hand, opposing claims may be considered in most jurisdictions, but to what extent the cases are not in harmony. It would seem that the rule best supported is that, while plaintiff's demand cannot be added to defendant's de-

mand, unless such aggregate amount represents the actual amount in controversy, yet, if the difference between the recovery as had, and that which the opposite party sought represents a loss to the latter of an amount equal to that fixed for the appellate jurisdiction, this, as to him, is the real amount in controversy, and confers jurisdiction."

We are of opinion that appellee's counterclaim for damages gives this court jurisdiction of the appeal.

Coming now to the case on its merits: Appellant's request for a directed verdict in his favor should have been granted, upon the ground that the contract of barter and exchange between the parties comes within the provisions of the Statute of Frauds governing the sale of personal property, section 3347, Code of 1930. The statute is in this language: "A contract for the sale of any personal property, goods, wares, or merchandise, for the price of fifty dollars or upward, shall not be allowed to be good and valid unless the buyer shall receive part of the personal property, goods, wares and merchandise, or shall actually pay or secure the purchase-money, or part thereof, or unless some note or memorandum, in writing, of the bargain be made and signed by the party to be charged by such contract, or his agent thereunto lawfully authorized."

In a strictly technical sense there is a distinction between a contract of barter and one of sale; but in so far as the application of the Statute of Frauds is concerned, there is no real distinction. 25 R. C. L., section 218, p. 608.

It should be borne in mind that neither the mare nor the horse was delivered at the time the contract was made, nor was any part of the boot then actually paid. Appellee, however, agreed, as a part of the consideration for the exchange, that appellant might retain the boot, including the ten dollar note given by appellee on the former exchange; and in addition appellee would pay

appellant ten dollars more. But, as stated, there was no memorandum in writing of the agreement signed by either party, nor was any money actually paid at the time, and the exchange of the animals did not take place, but was to take place in future.

The question as to whether giving credit, or discharging an existing debt, is a sufficient compliance with the statute, is treated in this language in 25 R. C. L., section 235, p. 619: "Where a sale is made by one who is at the time indebted to the buyer, the question has frequently arisen as to whether an agreement that the debt owing by the seller shall go in payment or part payment of the price constitutes a payment or part payment sufficient to satisfy the requirement of the statute. In an English case it was held that such an agreement did not constitute a sufficient part payment to take the sale out of the operation of the statute. This case has as a general rule met the approval of the courts both in England and in this country and the principles therein announced applied. These cases have most frequently been cases in which the claim of payment or part payment has been denied, as there was no evidence of a satisfaction or discharge in fact of the indebtedness owing by the seller. In other cases, however, where there was evidence showing an actual discharge of the indebtedness owing from the seller, a claim of a sufficient part payment has been sustained."

Johnson v. Tabor, 101 Miss. 78, 57 So. 365, is not in point. The facts in that case were that Herron was the creditor of Tabor; for the purpose of making payment on his indebtedness to Herron, Tabor sold to him a horse and mare for one hundred seventy-five dollars, neither of which was delivered at the time, but Herron thereupon gave Tabor credit on his indebtedness for the one hundred seventy-five dollars. The court held that such a credit was an actual payment for the horses.

In the present case nothing was done by either party, except to enter into a verbal agreement as to the terms of the re-exchange of the horse and mare. There was no discharge of any indebtedness or the payment of any sum in any manner whatever. In other words, the whole transaction rested in parol. Appellant was to retain the ten dollars and the note given him by the appellee on the former exchange, and appellee was to pay him ten dollars more, but there was no action by either party. We are unable to see anything in this case which takes this transaction out of the Statute of Frauds.

Reversed and remanded.