CARRILON *v.* THORNTON.

Division B.   Apr. 23, 1951.

No. 37935 (52 So. (2d) 9)

508

Lyle V. Corey, for appellant.

Dees Stribling and Robert Prisock, for appellee.

Hall, J.

Prior to October 10, 1947, appellant was engaged in the sale of office supplies and stationery. By a written contract signed by both parties hereto on that date he sold his entire stock of merchandise to appellee for a consideration of $3,598.85, of which $2,068.60 has been paid, leaving a balance due of $1,527.25. The merchandise was moved to appellee's place of business and appellant began traveling as a salesman for appellee on a commission basis and worked in that capacity for a few months. About a year after termination of his employment appellant filed a bill in chancery seeking a discovery as to the balance due him for his commissions on sales which he had made for appellant, and also seeking a recovery thereof as well as a recovery of said balance

due on the purchase price of his stock of goods. The answer admitted a balance of $75.04 due appellant on the commissions which he had earned, and denied any indebtedness for balance due on the original purchase of the stock by appellee, alleging in that connection that the remainder of the stock so purchased was sold back to appellant on February 9, 1948, in satisfaction of the balance due. The chancellor found that there was a legal and valid resale of the stock in settlement of the debt and dismissed the bill as to that feature, and awarded appellant a recovery of the $75.04 commissions admittedly due him. This appeal is from that part of the decree which held that there had been a valid resale of the stock in settlement of the balance due.

Appellee and his wife testified that on February 9, 1948, appellant agreed to accept the remainder of his stock in settlement of the balance due thereon. Appellant denied this. It is undisputed, however, that all the remainder of the stock from and after that date and up to the time of the trial remained in possession of appellee; none of it was delivered to or accepted by appellant; the value was far above the sum of $50.00; there was no written note or memorandum of the alleged bargain signed by the appellant and no consideration passed between the parties. Their position and situation remained entirely unchanged after the alleged agreement. The sole point presented is whether this alleged contract of resale falls within the prohibition of the statute of frauds as to the sale of personal property as found in Section 268, Code of 1942, which provides: "A contract for the sale of any personal property, goods, wares, or merchandise, for the price of fifty dollars or upward, shall not be allowed to be good and valid unless the buyer shall receive part of the personal property, goods, wares and merchandise, or shall actually pay or secure the purchase-money, or part thereof, or unless some note or memorandum, in writing, of the bargain be made and

signed by the party to be charged by such contract, or his agent thereunto lawfully authorized.''

Appellee kept a loose-leaf account book wherein there was a ledger sheet showing the original purchase from appellant, the payments made' thereon, and in order to balance off this account appellee's wife, who kept his books, made an entry as follows: ''Feb. 9, 1948 Credit Goods Bought Back 1527.25.'' It is contended by appellee that this is such a memorandum as to take the case out of the quoted statute. That position would be tenable if appellant had entered such a memorandum in his own account book and had given appellee a receipt therefor, as was done in Johnson v. Tabor, 101 Miss. 78, 57 So. 365, relied on by appellee, but such is not the case here presented.

Here there was no receipt or writing of any kind executed by appellant in evidence of the alleged contract of resale; no money or other consideration passed between the parties. No part of the goods was delivered to appellant; appellee merely agreed to hold the goods in his place of business as agent or bailee of appellant until called for when appellant might choose and this is not sufficient to constitute a delivery under the statute. In our opinion this case is controlled by Easley v. Stewart, 131 Miss. 756, 95 So. 525, which is directly in point. It follows that the decre must be reversed insofar as it adjudged the alleged resale to be valid.

We mention the two additional authorities relied on by appellee. Smith v. Nevitt, Walk., 1 Miss. 370 is not in point because there the purchase money was paid, while in the case at bar nothing was paid. Moreover, that decision was prior to adoption of the quoted section of the statute of frauds in this State. Smith v. Sparkman, 55 Miss. 649, is not in point because in that case there was a written memorandum signed by the party to be charged therewith. Counsel for appellee have, inadvertently we are sure, quoted from the brief of the losing party in the last cited case as being a part of the opinion of the court

therein. Likewise inadvertently they have quoted as being the law of this State a portion of the opinion in the last cited case wherein the Court stated what was originally the correct rule prior to adoption of the statute of frauds as to sales of personal property.

The decree of the lower court is affirmed insofar as it awarded appellant a recovery of the balance of $75.04 due him on his commissions, but it is hereby reversed insofar as it denied recovery of the $1,527.25 balance due on the purchase of the stock of merchandise and decree will be here entered in appellant's favor for that amount with legal interest from December 10, 1947, the same being the date when interest began to accrue under the terms of the original written contract of sale.

Affirmed in part and in part reversed and decree here.