RODGERS, Justice:
This is a replevin action commenced under the authority of Mississippi Code 1942 Annotated section 2841 (1956) in the County Court of Jackson County, Mississippi, against two Mississippi corporations, Travelers Reservation Association, Inc. and Motel Development Corporation. The case was tried and resulted in a jury verdict in favor of the plaintiff in the sum of $1,855.30 on February 21, 1967, and a money judgment for that sum was entered by the County Court the next day. The plaintiff promptly filed a motion requesting the Court to grant a writ of inquiry to determine the value of the property so that the judgment could be corrected. After overruling a motion of defendant for judgment notwithstanding the verdict, the County Court sustained a motion for a writ of inquiry on February 23, 1967. Evidence was presented to the Court and a final judgment was entered on March 10, 1967 fixing the value of the property replevied at $580. This judgment required the return of the property sought to be replevied, and described it as: “One Anker cash register (2-total) serial number 364140, and one Anker cash register (4-total cert.) serial number 239864 to the plaintiff, or pay the value thereof to wit — $580 as assessed by virtue of the writ of inquiry and to pay the plaintiff the sum of $1,855.30 damage, and all costs.”
The defendants, Travelers Reservation Association, Inc. and Motel Development Corporation, appealed to the Circuit Court of Jackson County on March 8, 1967 from the monetary judgment prior to the final judgment of March 10, 1967. The Circuit Court reversed the judgment of the County Court and rendered judgment in favor of the defendants.
The plaintiff, A. B. Cash Register Company, has appealed to this Court and contends that the Circuit Court committed reversible error in dismissing the replevin suit, because the defendants appealed from an interlocutory order of the County Court.
We have carefully examined the record in this case and are convinced that the judgment of the Circuit Court reversing the judgment of the County Court in favor of the A. B. Cash Register Company must be reversed, and the judgment of the County Court reinstated, for the reasons hereinafter set out.
The record clearly shows that the appeal to the Circuit Court was taken by the defendants in the replevin proceedings from the first judgment on the return of the jury verdict. This judgment (dated February 22, 1967) was an interlocutory judgment, because on the following day the County Court entered an order directing that a writ of inquiry be issued to determine the value of the property sought to be replevied. The Court has the authority to require that the value of the property be determined on a writ of inquiry. Miss. Code 1942 Ann. § 2860 (1956) ; Johnson v. Tabor, 101 Miss. 78, 57 So. 365 (1911).
An appeal will not lie from an interlocutory order of the County Court. The pertinent parts of Mississippi Code 1942 Annotated section 1616 (Supp.1966), amending Mississippi Code 1942 Annotated section 1616 (1956), are as follows:
§ 1616. Appeals from the county court.
“No appeals or certiorari shall be taken from any interlocutory order of the county court * * *. (B)ut when on appeal from the county court a case has been reversed by the circuit or chancery court there shall be no appeal to the Supreme Court until final judgment or decree in the court to which it has been appealed. When the result of an appeal in the Supreme Court shall be a reversal of the lower court and in all material particulars in effect and affirmance of the judgment or decree of the county court, the mandate may go directly to the county *149 court, otherwise to the proper lower court. * * * ”
We are of the opinion that the Circuit Judge should have sustained the motion of A. B. Cash Register Company to dismiss the appeal, and should have entered a judgment in its favor in the Circuit Court.
We hold, therefore, that the judgment of the Circuit Court in favor of Travelers Reservation Association, Inc. and Motel Development Corporation be, and it is, hereby reversed. The judgment of the County Court is reinstated, and the mandate of this Court will be sent directly to the County Court of Jackson County, Mississippi. The costs of appeal in the Supreme Court and in the Circuit Court are assessed against all of the defendants, appellees here.
Judgment of Circuit Court reversed, and judgment of the County Court reinstated.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.